STATE OF NORTH CAROLINA v. WILLIAM EDWARD MALLOY

No. 12A83

(Filed 9 August 1983)

**Receiving Stolen Goods § 5.2— possession of stolen guns —insufficient evidence**

     The State's evidence was insufficient to show actual or constructive possession of stolen guns by defendant so as to support his conviction of possession of stolen property under G.S. 14-71.1 where it tended to show that defendant was working under the open hood of an automobile in a parking lot while another individual and a federal undercover agent took the stolen guns from the trunk of an automobile parked behind the automobile on which defendant was working; after putting the guns in his automobile, the agent went to the place where defendant was working and asked defendant whether $125.00 was right, and defendant answered "yeah"; and the agent then gave $125.00 to the defendant.

     Justice MARTIN dissenting.

ON appeal of right by the defendant from the decision of a divided panel of the Court of Appeals reported at 60 N.C. App. 218, 298 S.E. 2d 735 (1983).

The defendant was charged in a proper bill of indictment with felonious possession of stolen property having a value of $600.00 in violation of G.S. 14-71.1. He was found guilty as charged and sentenced to a term of imprisonment of not less than three nor more than five years. The defendant appealed to the Court of Appeals which found no error, with one judge dissenting. The defendant appealed to the Supreme Court as a matter of right under G.S. 7A-30(2).

*Rufus L. Edmisten, Attorney General, by Reginald L. Watkins, Assistant Attorney General, for the State.*

*Ernest B. Fullwood, for defendant appellant.*

MITCHELL, Justice.

The determinative question presented is whether there was sufficient evidence introduced at trial to withstand the defendant's motion to dismiss. We hold that there was not.

The State introduced evidence tending to show *inter alia* that Todd's Gun Shop was broken into during September of 1980. All of the guns in the shop were stolen at that time. A day or two after the guns were stolen, undercover federal law enforcement agents went to a parking lot in Wilmington looking for the defendant. They eventually found the defendant there working on an automobile. They called him and he came from under the automobile. The defendant told the officers that "he didn't have the keys to the car. He told us to ride across into the project and see if we could locate an individual who supposedly had the keys to the car. I don't know what car he was talking about." The officers then rode around the area but could not find the individual they sought.

The following day the officers returned to the lot and found the defendant there. Agent Clayton Jonathan Jones of the United States Treasury Department, Bureau of Alcohol, Tobacco and Firearms, testified that the following then transpired:

There were two other individuals in the parking lot. As we drove into the parking lot, an individual came to the rear of a

red bottom, black top Mercury and opened the trunk. I got out of the vehicle, went to the trunk and asked the individual if the weapons worked. He said, "yeah." I checked the firearms to make sure they were operable and then placed the firearms in the trunk of my vehicle. There were two firearms.

After I placed them in the trunk, I went to another vehicle parked in front of the Mercury. [The defendant] was under the hood of that vehicle talking with Earl Gray. I went up to [the defendant] and said "A hundred and twenty-five dollars right?" and he said, "yeah." I took the hundred and twenty-five dollars out of my pocket and gave it to him.

The two guns received by Agent Jones were introduced into evidence and identified as two of the guns stolen earlier from Todd's Gun Shop.

At the close of the State's evidence, the defendant moved to dismiss for insufficiency of the evidence. This motion was denied. The defendant offered no evidence.

The defendant assigns as error the trial court's denial of his motion to dismiss. He contends that the State's evidence was insufficient to warrant submission of the charge against him to the jury and to support a verdict of guilty of the crime charged.

The rules for testing the sufficiency of the evidence to withstand a defendant's motion to dismiss pursuant to G.S. 15A-1227 are well established. Upon a defendant's motion to dismiss, the question for the trial court is whether there is substantial evidence of each essential element of the offense charged, or of a lesser included offense, and of the defendant's being the perpetrator of such offense. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). If so, the motion is properly denied.

In considering such motions, the trial court is concerned only with the sufficiency of the evidence to take the case to the jury and not with its weight. The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying the defendant's motion to dismiss. *Id.* The test of the sufficiency of the evidence to withstand the motion is the same whether the evidence is direct, circumstantial or

both. That test is whether a reasonable inference of the defendant's guilt may be drawn from the evidence. *Id.* If so the evidence is substantial and the defendant's motion to dismiss must be denied.

In making its determination on the sufficiency of the evidence, the trial court must consider the evidence in the light most favorable to the State. The State is entitled to every reasonable intendment and inference to be drawn from the evidence, and any contradictions and discrepancies are to be resolved in favor of the State. All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State must be considered by the trial court in ruling on the motion. *Id.*

If, however, when the evidence is so considered it is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed. *State v. Poole,* 285 N.C. 108, 203 S.E. 2d 786 (1974). This is true even though the suspicion aroused by the evidence is strong. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967).

Applying these governing principles to the present case, we hold that the evidence introduced was sufficient to raise a strong suspicion of the defendant's guilt but not sufficient to remove that issue from the realm of suspicion and conjecture. The evidence introduced did not tend to show that the defendant owned or controlled the automobile from which the stolen firearms were taken or the lot in which the automobile was parked. The evidence did not tend to show that the defendant ever mentioned the firearms, saw them or knew of their presence.

The evidence tended to show that the defendant was working under the hood of an automobile parked in front of the automobile in which the stolen guns were located when the guns were taken from the trunk. This evidence by the agent placed the defendant "two car lengths and a little space" from the open trunk of the automobile from which the guns were taken. The defendant was working under the open hood of the front automobile while the other individual and the law enforcement agent were taking the stolen guns from the open trunk of the rear automobile. This evidence did not tend to show that the defendant saw the transac-

tion occurring between the other individual and the law enforcement agent or that he could have seen any such transaction from his position under the hood of the front automobile.

Perhaps the strongest evidence introduced against the defendant was evidence tending to show that Agent Jones, after putting the stolen guns in his automobile, went to the place where the defendant was working and said to the defendant: "A hundred and twenty-five dollars right?" The defendant responded, "yeah." Agent Jones then took out one hundred and twenty-five dollars and gave it to the defendant. Although this evidence raises a strong suspicion as to the defendant's guilt, we do not believe that, in the context of the present case, it was substantial evidence that the defendant was in possession, constructive or otherwise, of the stolen guns. *See e.g. State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340 (1967). Accordingly, the decision of the Court of Appeals must be and is

Reversed.

Justice MARTIN dissenting.

I respectfully dissent. The majority opinion fairly states the facts and contains an accurate summation of the applicable law. To me, there is sufficient evidence, direct and circumstantial, to carry the case to the jury.

There is substantial evidence that the guns bought by the officers were stolen from the gun shop. The value of the guns is not in question. The only elements not conclusively proven are whether defendant had possession of the guns and whether he knew or had reasonable grounds to know that they were stolen. It can be safely stated that if defendant possessed the guns, he knew or had reasonable grounds to believe that they were stolen. The majority contends the evidence is insufficient to show possession of the guns by defendant.

This transaction occurs in a parking lot, not a garage. Yet, both times in question the defendant is there "working" on a car. There is some conversation about the keys to a car. On the second visit, the trunk to a car is opened and the stolen guns displayed. Defendant is about two car lengths away, probably no

more than thirty-five feet. After the officer puts the guns into his car, the defendant agrees with him as to the price of $125 and the officer pays defendant $125 for the guns.

It is not necessary to put the guns into the hands of defendant to prove possession. Defendant did not have to see the removal of the guns to prove possession. Possession can be either actual or constructive. *State v. Meyers*, 190 N.C. 239, 129 S.E. 600 (1925). One has possession of stolen property within the meaning of the law when he has both the power and intent to control its disposition or use. The state may defeat a motion for nonsuit by presenting evidence which places the accused within such close juxtaposition to the stolen property as to justify the jury in concluding that the same was in his possession. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). More than one person can have possession of the same stolen property at the same time. The state is not required to prove that defendant had the exclusive possession of the stolen guns. Proof of joint possession is sufficient. *State v. Allen*, 279 N.C. 406, 183 S.E. 2d 680 (1971).

Here we have evidence placing the defendant within a few feet of the stolen guns *and* showing that defendant confirmed and received the sale price for the guns. The confirmation and receiving of the sale price for the stolen guns, after they were placed in the officer's car within some thirty-five feet of defendant, is sufficient substantial evidence to prove not only that defendant intended to control the disposition of the guns but that he actually did so. Why would payment have been made to and accepted by defendant unless he had at least joint possession of the stolen guns?

The evidence depicts a striking example of defendant and one or more other persons operating a business of selling stolen property. The others exhibited the property to the prospective buyer, and defendant took the purchase price. Criminals do not operate the same way as legitimate business people. The jury had no difficulty in applying the legal concepts of possession to the actions of the defendant. Common sense and reason, as well as the law, compel a jury resolution of the issue. The decision of the Court of Appeals should be affirmed.