STATE OF NORTH CAROLINA v. WILLIAM EDWARD CARR

No. COA95-636

(Filed 7 May 1996)

1. **Narcotics, Controlled Substances, and Paraphernalia § 114 (NCI4th)— possession with intent to sell and deliver cocaine—sufficiency of evidence**

The evidence was sufficient to support a conviction of defendant for possession with intent to sell and deliver cocaine where the evidence tended to show that pill bottles containing cocaine were found in the area of a car occupied solely by

STATE v. CARR

[122 N.C. App. 369 (1996)]

defendant; defendant had conversed with a known drug user who earlier in the evening was charged with possession of a crack cocaine pipe; defendant was the only passenger who left the vehicle by the passenger side; defendant attempted to give the arresting officer a fictitious name when questioned; and the pill bottles contained one large rock of cocaine and eight smaller rocks, each the size normally sold on the street for between $20 and $40.

**Am Jur 2d, Drugs and Controlled Substances § 188.**

**2. Evidence and Witnesses § 1453 (NCI4th)— admissibility of crack cocaine—chain of custody evidence not required**

The trial court did not err in admitting crack cocaine recovered from the car in which defendant was a passenger, and it was not necessary to show a detailed chain of custody, since the packaging and contents of the evidence offered at trial were identified by both the arresting officer and the SBI chemist who tested it as being substantially the same as when they sealed it.

**Am Jur 2d, Evidence § 947.**

Appeal by defendant from judgment entered 14 March 1995 by Judge Julius A. Rosseau in Guilford County Superior Court. Heard in the Court of Appeals 20 February 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*Alexander, Pfaff & Elmore, by E. Raymond Alexander, Jr., for defendant-appellant.*

JOHNSON, Judge.

The evidence presented by the State tends to show that on 23 June 1994, Officer Clarence W. Schoolfield was driving his patrol car on Florida Street in Greensboro, North Carolina when he observed a red and white Dodge vehicle. Officer Schoolfield established that the driver was Ms. Myesha Miller and that there were two unidentified passengers in the car. On 24 June 1994, Officer Schoolfield again saw the vehicle in the same area of town, and observed the occupants of the car stop a pedestrian whom the officer recognized as Leon Crosby. Officer Schoolfield had previously charged Crosby with loitering for drug activity, possession with intent to sell and deliver, as well as various misdemeanors involving drug paraphernalia. When Officer Schoolfield approached the vehicle, the vehicle took off and

left the area; however, Officer Schoolfield was able to identify defendant as one of the passengers. Officer Schoolfield stopped Crosby and charged him with trespassing. Crosby was searched incident to arrest and an apparatus for smoking crack cocaine was found in his possession. Crosby was given two citations and released.

Officer Schoolfield next encountered the vehicle at approximately 2:10 a.m. on 25 June 1994 in the same area of town. The car was parked on the side of the road, and Crosby and another pedestrian, Anthony Polk, were standing beside the vehicle. Officer Schoolfield recognized Polk from previous drug-related arrests. Crosby was talking to one of the passengers in the car who the officer identified as defendant. As soon as Officer Schoolfield was seen, Polk and Crosby separated and began walking away from the car. As the car left the area, Officer Schoolfield followed and ran a check on the license plate. The plate was registered to a 1973 Mercedes Benz which had been posted for salvage. On the strength of this information, Officer Schoolfield pulled the vehicle over.

There were three occupants in the car: Miller was driving, defendant was in the front passenger seat, and Larry E. Hawthorne was in the back seat. Officer Schoolfield kept the three in constant view as he approached the car, and when they exited the vehicle, only defendant left from the passenger side. When defendant was questioned by Officer Schoolfield at the scene, he gave the officer a fictitious name. Officer Schoolfield searched the vehicle and found one pill bottle displaying a prescription label for mylan tablets on the floor of the front passenger seat. The bottle contained a rock-like substance and a single mylan tablet. Another pill bottle was discovered between the front passenger seat and the center armrest. It also contained a rock-like substance. A field test, done on the contents of the pill bottles, revealed the presence of cocaine.

As a result of the events which occurred on 25 June 1994, defendant was convicted of possession with intent to sell and deliver cocaine. He was sentenced to ten years active imprisonment. Defendant appeals from this judgment.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss the charge against him as the evidence presented at trial was insufficient to support a conviction. We disagree.

In ruling on a motion to dismiss, the issue before the trial court is whether substantial evidence of each element of the offense charged

has been presented, and that defendant was the perpetrator of the offense. *State v. Mlo*, 335 N.C. 353, 440 S.E.2d 98, *cert. denied,* ——— U.S. ———, 129 L. Ed. 2d 841 (1994). If the trial court so finds, the motion is properly denied. *State v. Tuggle*, 109 N.C. App. 235, 426 S.E.2d 724, *dismissal allowed and disc. review denied*, 333 N.C. 794, 431 S.E.2d 29 (1993). Substantial evidence is that relevant evidence which a reasonable mind would find sufficient to support a conclusion. *State v. Patterson*, 335 N.C. 437, 439 S.E.2d 578 (1994). All the evidence, whether direct or circumstantial, must be considered by the trial court in the light 'most favorable to the State, with all reasonable inferences to be drawn from the evidence, being drawn in favor of the State. *State v. Rose*, 335 N.C. 301, 439 S.E.2d 518, *cert. denied,* ——— U.S. ———, 129 L. Ed. 2d 883 (1994).

To prevail on the charge against defendant in this case, the State must present substantial evidence of (1) defendant's possession of the controlled substance, and (2) his intent to sell or distribute it. *See State v. McGill*, 296 N.C. 564, 251 S.E.2d 616 (1979). Defendant maintains that the State's evidence was insufficient for both elements.

Possession of controlled substances may be either actual or constructive. *State v. Davis*, 325 N.C. 693, 386 S.E.2d 187 (1989). Because defendant did not physically possess the controlled substances found in the car, the State relied on evidence of constructive possession. Evidence of constructive possession is sufficient to support a conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the drugs. *State v. Peek*, 89 N.C. App. 123, 365 S.E.2d 320 (1988). Proving constructive possession where defendant had nonexclusive possession of the place in which the drugs were found requires a showing by the State of other incriminating circumstances which would permit an inference of constructive possession. *State v. Morris*, 102 N.C. App. 541, 402 S.E.2d 845 (1991).

This Court has held in previous cases that the mere presence of the defendant in an automobile containing drugs does not, without additional incriminating circumstances, constitute sufficient proof of drug possession. *See State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976); *see also State v. McLaurin*, 320 N.C. 143, 357 S.E.2d 636 (1987). In fact, defendant cites *Weems* to support his argument that the evidence was insufficient to show defendant had constructive possession of the drugs. In *Weems*, a case similar to the instant action, the defendant was a passenger in the front seat of an automo-

bile in which forty small foil packets containing a heroine mixture were found. Some of the heroin was found hidden in the front passenger seat in close proximity to the defendant. Likewise, the defendant in *Weems* did not own the vehicle. However, the case *sub judice* is distinguishable from *Weems* in that sufficient incriminating circumstances exist.

In the instant case, the State provided substantial evidence that the pill bottles containing cocaine were found in the area of the car occupied solely by defendant. Moreover, the evidence shows that defendant had conversed with Crosby, a known drug user, who earlier in the evening was charged with possession of a crack cocaine pipe; that defendant was the only passenger who left the vehicle by the passenger side; and that defendant attempted to give the arresting officer a fictitious name when questioned. We find that these facts provide sufficient incriminating circumstances to allow the reasonable inference that defendant had the intent and capability to exercise control and dominion over the drugs.

Defendant also argues that the evidence presented was insufficient to show that he had the intent to sell the cocaine. We disagree. The State presented sufficient circumstantial evidence to permit a reasonable conclusion that defendant intended to sell and deliver the controlled substance. The amount of the controlled substance, the manner of its packaging, labeling, and storage, along with the activities of a defendant may be considered in establishing intent to sell and deliver by circumstantial evidence. *See State v. Williams*, 71 N.C. App. 136, 321 S.E.2d 561 (1984); *State v. Childers*, 41 N.C. App. 729, 255 S.E.2d 654, *disc. review denied*, 298 N.C. 302, 259 S.E.2d 916 (1979). In the instant case, the pill bottles contained one large rock of cocaine and eight smaller rocks, each the size normally sold on the street for between $20.00 and $40.00. Defendant was seen having discussions through the car window with known drug users, one of whom had a pipe for smoking crack cocaine in his possession. Further, defendant attempted to disguise his identity when questioned by police. This evidence was sufficient to overcome defendant's motion to dismiss for insufficient evidence of his intent to sell and deliver controlled substances.

[2] In his second argument, defendant contends that the trial court erred in admitting the crack cocaine recovered from the car into evidence. Defendant argues that the State failed to provide sufficient evidence of the chain of custody of the drugs between the arresting offi-

cer and the State Bureau of Investigation (S.B.I.) chemist, or from the chemist to the prosecuting attorney. For the following reasons, we find no error by the trial court in admitting the evidence.

Officer Schoolfield testified that he placed the pill bottles in a package, sealed it, and then labeled it. The package was then placed in an evidence locker. He further testified that the package he examined in court was in substantially the same condition as it had been when he sealed it. When the package was opened at trial, one of the bottles still contained a single mylan tablet along with the cocaine. Ms. Nancy Gregory, the S.B.I. chemist, testified that the plastic bag she viewed in court was substantially the same as it had been when she received it for testing. Upon receiving the evidence in question, she opened the sealed bag, tested the material inside, replaced the material and resealed the package. The package was placed in Ms. Gregory's evidence locker until the paperwork was completed, and then it was returned to the evidence technician. Ms. Gregory further testified that, according to her records, the evidence technician returned the package to the evidence custodian for the Greensboro Police Department.

A two-pronged test must be met in order to properly admit real evidence: first, the item must be authenticated as the same object involved in the original incident; and second, it must be established that the object has not undergone any material change. *State v. Harding*, 110 N.C. App. 155, 429 S.E.2d 416 (1993). Whether the substance in question has undergone a material change is subject to the exercise of the trial court's sound discretion. *State v. Taylor*, 332 N.C. 372, 420 S.E.2d 414 (1992). The State need establish a detailed chain of custody only in cases where the evidence is not readily identifiable or where the evidence is susceptible to alteration and there is a reason to believe that an alteration has occurred. *Id.*

We find that the evidence presented by the State was sufficient to render the evidence readily identifiable and, therefore, a detailed chain of custody was not necessary. The packaging and contents of the evidence offered at trial was identified by both Officer Schoolfield and Ms. Gregory as being substantially the same as when they sealed it. Defendant has offered no evidence which would tend to show that the substance was not the same cocaine seized by Officer Schoolfield or that it had undergone a material change. Mere weakness in the chain of custody speaks only to the weight of the evidence, not its admissibility. *Taylor*, 332 N.C. 372, 389, 420 S.E.2d 414, 424; *State*

*v. Campbell*, 311 N.C. 386, 389, 317 S.E.2d 391, 392 (1984). Accordingly, the trial court did not abuse its discretion by admitting the evidence.

For the foregoing reasons, we find that defendant received a fair trial, free from prejudicial error.

No error.

Judges MARTIN, JOHN C. and McGEE concur.