STATE OF NORTH CAROLINA v. JOEL MATIAS

No. COA00-245

(Filed 15 May 2001)

**Drugs— felony possession of cocaine—sufficiency of evidence**

The trial court did not err in denying defendant's motion to dismiss the charge of felony possession of cocaine, because: (1) sufficient incriminating circumstances exist to give rise to a reasonable inference that defendant knew of the presence of the plastic bag in the car containing marijuana and cocaine and had the power and intent to control its disposition or use even though defendant did not own or control the vehicle; (2) the plastic bag containing both marijuana and the tin foil in which the cocaine was hidden was found in the area of the car occupied

solely by defendant; and (3) defendant was in the vehicle for at least twenty minutes prior to the vehicle being observed by the officers.

Judge HUNTER dissenting.

Appeal by defendant from judgment entered 14 September 1999 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 19 February 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Clinton C. Hicks, for the State.*

*Craig T. Thompson, for defendant-appellant.*

CAMPBELL, Judge.

On 14 September 1999, defendant was convicted of felony possession of cocaine. Defendant appeals.

The State's evidence at trial tended to show that on 28 March 1999, at approximately 9:03 p.m., Officer Jesse Qualls and Officer Sam Epps were on off-duty patrol in the parking lot of the Creekside Apartments in Burlington when they observed a blue Buick vehicle, traveling approximately 5 miles per hour, drive past their patrol car. After the vehicle passed the officer's location, Officer Qualls, seated on the passenger side of the patrol car with his window down, detected a moderate odor of what he believed to be marijuana. Officer Qualls testified that this odor had not been present prior to the passage of the vehicle. The vehicle had a Tennessee registration plate, and this out-of-state plate furthered the suspicions of Officer Qualls. After the vehicle was parked, Officer Epps positioned the patrol car to block the vehicle.

Officer Epps approached the vehicle to question the driver. The driver did not respond to the officer's questions. Defendant, seated in the right rear passenger seat, spoke up to assist the officer in communicating with the driver. There were also passengers seated in the front passenger seat and the left rear passenger seat. Officer Epps testified that, upon approaching the vehicle, he too smelled what he categorized as a slight odor of marijuana. He was unable to determine whether the smell was burnt marijuana or unburnt marijuana.

Upon questioning, the driver did not present a driver's license, and Officer Epps placed him in custody for driving without a license.

STATE v. MATIAS

[143 N.C. App. 445 (2001)]

Officer Epps then ordered all of the occupants of the vehicle out of the car, and they were all patted down for weapons. Defendant exited from the right rear passenger seat of the vehicle. At no time did either officer notice any unusual or surreptitious movements by any of the occupants of the vehicle.

Officer Epps conducted a search of the vehicle incident to arrest, and discovered an unopened beer can in the front seat. Upon inquiry, Officer Epps determined that all of the occupants of the vehicle were under age. Officer Epps found a cigar located in the right front floorboard, a pack of rolling papers, and also noticed what appeared to be marijuana seeds in the carpet of the vehicle in various locations. Officer Epps also discovered a small plastic bag tucked in the crack between the back of the right rear passenger seat and the seat itself. In response to questioning by defense counsel, Officer Epps testified that the plastic bag "was found in the back right where the actual person would be sitting." This was the position in the vehicle occupied by defendant, and Officer Epps testified that in his opinion defendant was the only occupant of the vehicle who could have placed the plastic bag in the location where it was found. The plastic bag contained a green leafy vegetable material, identified as marijuana by Officer Epps, and a balled up piece of tin foil with a smaller plastic bag containing a small amount of a white powdery substance. As a result of this discovery, defendant was charged with possession of cocaine, while the other three passengers were charged with possession of marijuana. The white powdery substance was later identified as less than a tenth of a gram of cocaine. At the close of the State's evidence, defendant moved to dismiss the cocaine possession charge against him based on insufficiency of the evidence. This motion was denied.

Defendant testified that he was picked up from his house on the night of 28 March 1999 at around 8:40 p.m. by one of his friends and two other individuals. Defendant sat in the right rear passenger seat of a two-door Buick Regal driven by Jose Ramirez, whom defendant claimed not to know. The only individual that defendant knew, Miquel Salas, was seated in the front passenger seat. Defendant smelled cigar odor when he got in the vehicle, and smoked a cigar while he was in the car. Defendant testified that he had no drugs on him when he left his house, he did not know there were drugs in the car, and the drugs found by Officer Epps were not his.

At the close of all the evidence, defendant renewed his motion to dismiss, which was again denied by the trial court. Defendant was

convicted and received a suspended sentence. Defendant appeals from this judgment.

Defendant argues that the trial court erred in denying his motion to dismiss the charge against him as the evidence presented at trial was insufficient to support a conviction. We disagree.

"In ruling on a motion to dismiss, the issue before the trial court is whether substantial evidence of each element of the offense charged has been presented, and that defendant was the perpetrator of the offense." *State v. Carr*, 122 N.C. App. 369, 371-72, 470 S.E.2d 70, 72 (1996). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *State v. Patterson*, 335 N.C. 437, 439 S.E.2d 578 (1994). "All the evidence, whether direct or circumstantial, must be considered by the trial court in the light most favorable to the State, with all reasonable inferences to be drawn from the evidence, being drawn in favor of the State." *Carr*, 122 N.C. App. at 372, 470 S.E.2d at 72.

Defendant contends that the State's evidence was insufficient to prove defendant's possession of cocaine. An accused has possession of a controlled substance within the meaning of the law when he has both the power and intent to control its disposition or use. *State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976). Necessarily, power and intent to control the controlled substance can exist only when one is aware of its presence. *Id.* at 571, 230 S.E.2d at 194. "Possession of controlled substances may be either actual or constructive." *Carr*, 122 N.C. App. at 372, 470 S.E.2d at 73. Because defendant did not physically possess the cocaine on his person when it was found in the car, the State relied on evidence of constructive possession. Evidence of constructive possession is sufficient to support a conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the controlled substance. *State v. Peek*, 89 N.C. App. 123, 365 S.E.2d 320 (1988). "Proving constructive possession where defendant had nonexclusive possession of the place in which the drugs were found requires a showing by the State of other incriminating circumstances which would permit an inference of constructive possession." *Carr*, 122 N.C. App. at 372, 470 S.E.2d at 73.

This Court has held that the mere presence of the defendant in an automobile containing drugs does not, without additional incriminating circumstances, constitute sufficient proof of drug possession. *State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976). Defendant

relies on *Weems* to support his argument that the evidence was insufficient to show defendant had possession of the cocaine. In *Weems*, the defendant was a passenger in the front seat of an automobile in which heroin was found. Some of the heroin was found hidden in the front passenger seat in close proximity to the defendant. There was no evidence the defendant had been in the car at any time other than during the short period which elapsed between the time the officers saw the defendant get in the car and the time they stopped and searched the car. As in the instant case, the defendant in *Weems* did not own or control the vehicle. However, the instant case is distinguishable from *Weems* in that sufficient incriminating circumstances exist to give rise to a reasonable inference that defendant knew of the presence of the cocaine in the car and had the power and intent to control its disposition or use.

In the instant case, the State provided substantial evidence that both Officer Qualls and Officer Epps detected an odor of marijuana emanating from the vehicle in which defendant was a passenger. Officer Qualls smelled marijuana when the vehicle passed the officer's patrol car, and Officer Epps smelled marijuana when he approached the vehicle and performed the search of the vehicle's interior. Also, Officer Epps noticed marijuana seeds scattered throughout the vehicle. This evidence is sufficient to give rise to a reasonable inference that someone in the vehicle was, or had quite recently been, smoking marijuana when the vehicle arrived at the apartment complex, and that the occupants of the vehicle had been passing marijuana around in the vehicle. This, in turn, gives rise to a reasonable inference that defendant was, in fact, aware of the presence of marijuana in the vehicle. The State also presented substantial evidence that the plastic bag, containing both marijuana and the tin foil in which the cocaine was hidden, was found in the area of the car occupied solely by defendant. Officer Epps testified that he found the plastic bag "in the back right where the actual person would be sitting." Defendant was the only occupant who exited the vehicle from the right rear passenger seat, and Officer Epps testified that in his opinion defendant was the only one in the vehicle who could have placed the plastic bag and tin foil containing the drugs in the location where it was discovered. Further, the evidence shows that defendant was in the vehicle for at least twenty minutes prior to the vehicle being observed by the officers. This evidence is sufficient to support an inference that defendant placed the plastic bag in the crack of the right rear passenger seat where it was found, and, therefore, had the power and intent to control its disposition or use. Viewing the evi-

dence in the light most favorable to the State, where sufficient evidence exists to support an inference that defendant knew of the presence of marijuana in the vehicle, and had the intent and capability to control the plastic bag in which it was found, we hold that there are sufficient incriminating circumstances to give rise to a reasonable inference that defendant had constructive possession of the cocaine found in the same plastic bag.

For the foregoing reasons, we find that defendant received a trial free from error.

No error.

Chief Judge EAGLES concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

In its opinion, I believe the majority has lost sight of the fact that the defendant in this case was convicted of possession of *cocaine*. The majority agrees that *State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976) controls, requiring "additional incriminating circumstances" to be shown aside from "the mere presence of the defendant in an automobile containing drugs . . . ." However, the majority purports to have found the necessary "additional incriminating circumstances" in the fact that both arresting officers "detected an odor of marijuana emanating from the vehicle . . . ." Thus, the majority opines that:

> This evidence is sufficient to give rise to a reasonable inference *that someone in the vehicle* was, or had quite recently been, smoking marijuana when the vehicle arrived at the apartment complex, *that the occupants of the vehicle had been passing marijuana around in the vehicle, and that defendant was, in fact, aware of the presence of marijuana in the vehicle.*

(Emphasis added.) I cannot agree, and therefore I respectfully dissent.

Looking to the officers' testimonies of the arrest: Officer Qualls stated that he "detected a *moderate* odor of what he believed to be marijuana," as the vehicle drove past his patrol car. (Emphasis added.) Then Officer Epps stated he smelled a *slight* odor of mari-

juana as he approached the vehicle to inspect it. It is of specific importance that neither officer testified they detected the smell of marijuana emanating from either the person or clothing of any of the passengers of the vehicle—including defendant. More importantly, as cocaine powder has no smell, neither officer detected the smell of the hidden cocaine. Thus, the majority's opinion that the State was entitled to the inference that defendant must have "kn[own] of the presence of the cocaine in the car and had the power and intent to control its disposition or use," is not supported by the evidence.

With this in mind, I can agree that the "evidence is sufficient to give rise to a reasonable inference that *someone* . . . had quite recently been[] smoking marijuana" in the vehicle. However, I cannot and do not agree that that inference points to the defendant. In fact, I do not believe that inference can be attached to any passenger in the vehicle. Consequently, I do not believe or agree that there can be any inference drawn from the evidence to sustain a finding "that the occupants of the vehicle had been passing marijuana around in the vehicle."

If the majority is correct that *Weems* controls, and I believe that it does, then without a showing of some distinction between the present case and *Weems*, the present defendant's conviction should be reversed. In comparing the two fact patterns and giving the State the benefit of every reasonable inference, we see that as in *Weems*, (1) the present defendant neither owned nor controlled the vehicle; (2) drugs were in several areas of the vehicles (here, marijuana seeds found throughout); (3) the drugs seized were concealed from view; (4) the defendant was not found behaving strangely nor did he indicate in any way that he was aware of the drugs' presence in the vehicle; (5) no drugs or drug paraphernalia were found on defendant's person; and (6) there was no evidence of any circumstance indicating the defendant knew or could have known of the *cocaine's* presence— regardless of whether the smell of marijuana should have alerted him to the presence of *marijuana.*Consequently, the only thing distinguishing *Weems* from the case at bar is that in *Weems*, "the officers had personal knowledge [of] how long Defendant[-Weems] had been in the car because of personal observation." However, in the present case, defendant's evidence that he had only been in the car a few minutes before the officers stopped them, went uncontradicted by the State, making the possibility very great that someone other than defendant placed the hidden cocaine between the back seats *before defendant ever got into the vehicle.* Yet, the majority chooses to rely

on "Officer Epps['] testi[mony] that in his opinion defendant was the only occupant of the vehicle who could have placed the plastic bag in the location where it was found [between the back seats]." Moreover, although the majority states the marijuana and cocaine were "found in the area of the car occupied *solely* by defendant[, that d]efendant was the only occupant who exited the vehicle from the right rear passenger seat," the majority and the State both acknowledge that defendant was not the only passenger in the back seat of the car. (Emphasis added.) I am unconvinced, agreeing with defendant that this Court has an obligation to "consider Defendant's evidence which rebuts the inference of guilt when it is not inconsistent with the State's evidence."

Our courts have long held that the evidence to convict a defendant must be more than a scintilla, raising mere suspicion:

"It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury, and a mere scintilla, which only raises a suspicion or possibility of the fact in issue. The general rule is that, if there be any evidence tending to prove the fact in issue, or *which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it,* the case should be submitted to the jury."

*State v. Brooks,* 136 N.C. App. 124, 129, 523 S.E.2d 704, 708 (1999), *disc. review denied,* 351 N.C. 475, 523 S.E.2d 704 (2000) (emphasis added) (quoting *State v. Johnson,* 199 N.C. 429, 431, 154 S.E. 730, 731 (1930)). Further, it has long been established law that:

*Necessarily, power and intent to control the contraband material can exist only when one is aware of its presence. . . . "However, mere proximity to persons or locations with drugs about them is usually insufficient,* in the absence of other incriminating circumstances, to convict for possession." Annot., 91 A.L.R. 2d 810, 811 (1963). . . .

*Weems,* 31 N.C. App. 569, 571, 230 S.E.2d 193, 194 (emphasis added).

Regarding the case at bar, in the record before this Court there is no evidence of any circumstance indicating that defendant knew of the presence of the cocaine hidden in the vehicle, and for which he was charged with possession. The fact that defendant exited the vehicle from the right rear passenger seat—the same side of the car in which the cocaine was found—raises no more of an inference defend-

ant knew of the presence of the cocaine than it raised as to the other occupant of the rear passenger seat who could also have hidden the drugs there without defendant's knowledge. Most importantly, even if defendant had smelled the marijuana before he got into the vehicle, without smelling the cocaine, he still cannot be held to know cocaine was present in the vehicle. Without awareness of the cocaine's presence, there can be no intent to control. *Id.* Thus, taken in the light most favorable to the State, I do not agree that the evidence is sufficient to show that defendant had the "power and intent to control" the cocaine found in the vehicle. *Id.* at 571, 230 S.E.2d at 194. To hold otherwise places innocent persons, riding in a vehicle where cocaine has been hidden, at risk of being charged and convicted of possession of cocaine when there is no evidence of their having knowledge of the cocaine.

Here, as in *Weems*, the evidence only raises a mere suspicion or possibility that defendant knew of the presence of the cocaine. Because I cannot distinguish the present case from this Court's holding in *Weems*, I am bound by the precedent of that case and vote to reverse the trial court's judgment.