STATE OF NORTH CAROLINA v. JOEL MATIAS

No. 307A01

(Filed 18 December 2001)

**Drugs—constructive possession—cocaine in car seat**

The trial court did not err by denying defendant's motion to dismiss a cocaine possession charge where defendant had been in a car where drugs were found for about twenty minutes; there was an odor of marijuana in the car and marijuana seeds and rolling papers were found in the car, so that a juror could rea-

sonably conclude that defendant knew there were drugs in the car; a juror could reasonably conclude that the drugs came from a package hidden in the seat under defendant; and an officer testified that defendant was the only person who could have shoved the package containing the cocaine into the crease in the seat.

Justice BUTTERFIELD dissenting.

Justice ORR joins in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 143 N.C. App. 445, 550 S.E.2d 1 (2001), finding no error in a judgment entered 14 September 1999 by Spencer, J., in Superior Court, Alamance County. Heard in the Supreme Court 16 October 2001.

*Roy Cooper, Attorney General, by Clinton C. Hicks, Assistant Attorney General, for the State.*

*Craig T. Thompson for defendant-appellant.*

WAINWRIGHT, Justice.

On 19 April 1999, Joel Matias (defendant) was indicted for possession of cocaine. On 14 September 1999, a jury found defendant guilty of this charge. The trial court sentenced defendant to a term of four to five months imprisonment, suspended the sentence, and placed defendant on supervised probation for eighteen months. The majority of the panel in the Court of Appeals concluded defendant received a trial free from error. *State v. Matias*, 143 N.C. App. 445, 550 S.E.2d 1 (2001). Judge Hunter dissented. We affirm the decision of the Court of Appeals.

The evidence presented at trial tends to show as follows: On 28 March 1999, Burlington Police Officers Jesse Qualls and Sam Epps were working as off-duty security guards at the Creekside Apartments. The officers' duties at the apartments include "maintain[ing] the peace." Around 9:00 p.m. on 28 March, the officers, who were in a patrol car, saw a car with a Tennessee license plate driving through the parking lot at approximately five miles per hour. After the car passed the officers, Qualls detected an odor of marijuana. When the car turned right into a parking space, the officers pulled in behind the car and initiated a stop.

When the officers approached the car, Epps also smelled marijuana. The officers questioned the occupants and determined the driver did not have an operator's license. The officers removed the driver from the car, conducted a pat-down search, arrested the driver, and instructed the other three occupants to exit the car one at a time. Defendant exited last from the right rear seat of the car.

During a search of the car incident to arrest, the officers found "a small clear plastic [bag] with a green leafy substance, vegetable material, and a small piece of tin foil that was kind of balled up inside of that." The green, leafy substance was identified as marijuana. The plastic bag was located between the seat pad and back pad in the back right seat where defendant had been sitting. A white, powdery substance, later identified by the State Bureau of Investigation as cocaine, was found inside the tin foil. According to Officer Epps, defendant was the only person who could have placed the plastic bag in the space between the seat pads. The officers also observed marijuana seeds in the car's carpet and found rolling papers, an unopened beer can, and a cigar inside the car.

Defendant's father testified defendant left home that evening around 8:40 p.m. when a car blew the horn. Defendant testified he left home to go to a dance and rode in the back right seat of the car. Defendant's father did not recall any discussion about his son going to a dance that evening.

The sole issue defendant presents to this Court is whether the trial court erred in denying his motions to dismiss at the close of the State's evidence and at the close of all the evidence.

"When considering a motion to dismiss, '[i]f the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence.'" *State v. Alexander*, 337 N.C. 182, 187, 446 S.E.2d 83, 86 (1994) (quoting *State v. Smith*, 40 N.C. App. 72, 79, 252 S.E.2d 535, 540 (1979)), *quoted in State v. Grigsby*, 351 N.C. 454, 456-57, 526 S.E.2d 460, 462 (2000). In analyzing a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State. *State v. Davis*, 325 N.C. 693, 696, 386 S.E.2d 187, 189 (1989). Moreover, the State is given every reasonable inference to be drawn from the evidence. *Id.* If substantial evidence exists, whether direct, circumstantial, or both, supporting a finding that the offense charged was committed by the

defendant, the case must be left for the jury. *Id.* at 696-97, 386 S.E.2d at 189. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown,* 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

"[I]n a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials." *State v. Perry,* 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Proof of nonexclusive, constructive possession is sufficient. *Id.* Constructive possession exists when the defendant, "while not having actual possession, . . . has the intent and capability to maintain control and dominion over" the narcotics. *State v. Beaver,* 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). "However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *Davis,* 325 N.C. at 697, 386 S.E.2d at 190; *see also Brown,* 310 N.C. at 569, 313 S.E.2d at 588-89.

In the present case, since defendant did not have exclusive possession of the car in which the cocaine was found, the critical issue is whether the evidence discloses other incriminating circumstances sufficient for the jury to find defendant had constructive possession of the cocaine. *See Davis,* 325 N.C. at 697, 386 S.E.2d at 190. When the evidence is examined in the light most favorable to the State, we find such additional incriminating circumstances do exist and the trial court therefore properly denied defendant's motions to dismiss. *See id.* at 697-99, 386 S.E.2d at 190-91; *see also Brown,* 310 N.C. at 569-70, 313 S.E.2d at 589.

At the time of his arrest, defendant had been in the car approximately twenty minutes. According to both officers, there was an odor of marijuana in the car. The officers also found marijuana seeds and rolling papers inside the car. Accordingly, a juror could reasonably determine defendant knew drugs were in the car. A juror could also reasonably conclude the drugs came from the package hidden in the car seat under defendant. Finally, Officer Epps testified defendant was the only person in the car who could have shoved the package containing the cocaine into the crease of the car seat.

We hold this evidence, when viewed in the light most favorable to the State, supports the charge of possession of cocaine. Accordingly, the trial court did not err in submitting that charge to the jury. The decision of the Court of Appeals is affirmed.

AFFIRMED.

Justice BUTTERFIELD dissenting.

The majority's holding sets a troubling precedent that mere proximity to hidden narcotics is sufficient to sustain a conviction. I take issue with such a precedent. The majority correctly found that the vehicle in which defendant was riding was not in the exclusive possession of defendant. As such, additional incriminating circumstances must exist for the trial court to properly deny defendant's motion to dismiss. The majority asserts that there were additional incriminating circumstances. However, my review of the record leads me to the conclusion that there were no additional incriminating circumstances sufficient to deny defendant's motion to dismiss. Therefore, I respectfully dissent.

The majority found the following:

> At the time of his arrest, defendant had been in the car approximately twenty minutes. According to both officers, there was an odor of marijuana in the car. The officers also found marijuana seeds and rolling papers inside the car. Accordingly, a juror could reasonably determine defendant knew *drugs* were in the car.

(Emphasis added.) I am not persuaded by the majority's reasoning. Defendant was convicted of the offense of possession of cocaine. I do not believe that one can reasonably infer that defendant should have known of the existence of cocaine in the vehicle because he could have smelled the odor of marijuana and seen marijuana seeds and rolling papers. The evidence in this case could lead to a reasonable inference that there was marijuana in the vehicle, but not that there was an odorless substance such as cocaine in the vehicle. The majority stated that defendant must have known that there were "drugs" in the vehicle. The State's burden was to specifically prove that defendant knew of the presence of cocaine, not "drugs," in the vehicle.

I find it particularly difficult to accept any reasonable inference that defendant should have known of the existence of cocaine from

the marijuana smell. One of the arresting officers testified that he did not believe this inference was possible. The prosecutor had the following colloquy with Officer Epps:

Q. And could you tell the jury why only Mr. Matias [defendant] was charged with [possession of cocaine]?

A. The location that I found the baggy of marijuana was under Mr. Matias' seat along with the tinfoil. In my opinion I felt that, with the odor that Officer Qualls indicated to me that he detected and the odor that I detected and also seeing the baggy which I believed to be marijuana, I felt like everyone in the car had knowledge that there was marijuana in the car or being used in the car. The cocaine, however, to my knowledge, does not give off an odor that is detectable. So Mr. Matias was charged with [possession of] cocaine due to the fact of it being under the seat that he was sitting in.

Q. So in other words, Officer, based on the smell and other items that would lead you to believe that everybody else knew about the marijuana, they were thus charged with [possession of] marijuana?

A. That's correct.

Q. And you had no other evidence that anybody else would have known or knew about the cocaine?

A. That's correct.

Clearly, since the officer did not believe the other occupants "would have known or knew about the cocaine," the smell of marijuana and the presence of rolling paper could not have been the basis for his arrest of defendant. This testimony reveals that the officer's only basis for charging defendant was his proximity to the bag of marijuana and cocaine that was hidden in the seat. When asked if either he or the other officer noticed anything unusual or any kind of surreptitious movements, Officer Epps responded, "No, sir, I would have remembered that if it had taken place." This testimony satisfies me that there were no incriminating circumstances attributable to defendant. The officers found cocaine and simply charged the person sitting closest to it.

I do not believe the State is entitled to such an unreasonable inference as the majority has drawn from these facts. I believe that the trial court erred in failing to grant defendant's motion

to dismiss. Therefore, I vote to reverse the opinion of the Court of Appeals.

Justice ORR joins in this dissenting opinion.