THORNBURG, Judge.
 

 A jury found defendant, John Thomas Hege, guilty of possession of a firearm by a felon. Upon defendant's no contest plea to habitual felon status, the trial court sentenced him as an habitual felon to an active prison term of 135 to 171 months. Defendant gave notice of appeal in open court.
 

 Viewed in the light most favorable to the State, the evidence showed that Winston-Salem Police Officers T.M. Howes and J.W. Marble responded to a disturbance report at Christi's Food Mart at 2:00 a.m. on 23 November 2002. A blue Plymouth Reliant was parked in front of the store. Defendant was alone in the car, sitting in the front passenger's seat and eating chicken. Howes approachedthe driver's side door and called through the open window to defendant, "Show me your hands, show me your hands." When defendant failed to respond, Howes walked around the car and opened the passenger's door. Defendant dropped the chicken and reached under his right leg with his right hand for a small, silver-colored gun, the butt of which was sticking out from beneath his leg on the car seat. Seeing defendant's hand "on the gun" but not yet gripping it, Howes yelled, "Gun, gun[,]" grabbed defendant's wrists, and "pushed him to the other side of the car, trying to get the gun out of his hand so he couldn't point it at [Howes]." As Howes struggled with defendant, raising him from his seat and pushing him across the car toward the driver's side door, Marble saw the gun on the passenger's seat beneath defendant. Marble removed the gun from the car and placed it on the ground.
 

 Defendant testified that he had asked Larenso Arnold for a ride home on the morning in question. After traveling six blocks, Arnold stopped his car at the market. Defendant was eating chicken and waiting for Arnold to return when the police arrived. He denied any knowledge of the gun found by police.
 

 On appeal, defendant asserts that the trial court erred in denying his motion to dismiss for insufficiency of the evidence. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the offense charged.
 
 State v. Butler,
 

 356 N.C. 141
 
 , 145,
 
 567 S.E.2d 137
 
 , 140 (2002). For the purposes of our review, we "must consider the evidence in the light most favorable to the State and give the State the benefit of everyreasonable inference from that evidence."
 
 State v. Lucas,
 

 353 N.C. 568
 
 , 581,
 
 548 S.E.2d 712
 
 , 721 (2001) (citing
 
 State v. Jaynes,
 

 342 N.C. 249
 
 ,
 
 464 S.E.2d 448
 
 (1995),
 
 cert. denied,
 

 518 U.S. 1024
 
 ,
 
 135 L. Ed. 2d 1080
 
 ,
 
 116 S. Ct. 2563
 
 (1996)). Furthermore, "[t]he defendant's evidence is not considered unless favorable to the State."
 

 Id.
 

 (citing
 
 State v. Taylor,
 

 337 N.C. 597
 
 ,
 
 447 S.E.2d 360
 
 (1994)).
 

 The essential elements of possession of a handgun or other firearm as a felon are as follows: (1) the purchase, ownership, possession, custody, care, or control; (2) of "any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches[;]" and (3) by "any person who has been convicted of a felony[.]"
 
 N.C. Gen. Stat. § 14-415.1
 
 (a) (2003). Because defendant contests only the evidence of the element of possession, we limit our discussion to this issue.
 

 Possession of an object can be actual or constructive.
 
 State v. Alston,
 

 131 N.C. App. 514
 
 , 519,
 
 508 S.E.2d 315
 
 , 318 (1998). A person has constructive possession of an object if he does not have it on his person, but is aware of its presence and has both the power and intent to control its disposition.
 
 See State v. Williams,
 

 136 N.C. App. 218
 
 , 222,
 
 523 S.E.2d 428
 
 , 431-32 (1999). "Evidence of constructive possession is sufficient to support a conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the controlled substance."
 
 State v. Matias,
 

 143 N.C. App. 445
 
 , 448,
 
 550 S.E.2d 1
 
 , 3,
 
 aff'd,
 

 354 N.C. 549
 
 ,
 
 556 S.E.2d 269
 
 (2001). Apassenger's mere proximity to contraband found in an automobile, however, is insufficient to establish constructive possession without additional incriminating circumstances connecting him to the object.
 
 See State v. Weems,
 

 31 N.C. App. 569
 
 , 571,
 
 230 S.E.2d 193
 
 ,194 (1976).
 

 We find that the State presented substantial evidence showing defendant's constructive possession of the gun found in the car. Although he was seated in the passenger's seat, defendant was alone in the car when Howes and Marble arrived. The gun was directly under his leg on the seat, and the butt of the gun was exposed. After disregarding Howes directive to show his hands, defendant responded to Howes' opening of his car door by dropping his food and reaching for the gun. Contrary to defendant's assertion, the State presented evidence that defendant actually touched the weapon before being subdued by Howes. When asked by the prosecutor "whether or not the suspect reached the gun[,]" Howes responded, "Yes, he did." Howes further testified that he grabbed defendant's wrists "to get the gun out of his hand[,]" and that when he pushed defendant across the car, "I truly felt that he had the gun in his hand at that time[,]" but "didn't know if he still had it in his hand or not." On cross-examination, Howes reiterated that defendant's hand was on the gun, but conceded he did not know if defendant ever "actually had it secured in his hand." Defendant's actions and his proximity to the gun support a reasonable inference that he was aware of the gun's presence and had the power and intent to control it.
 
 See State v. Boyd,
 

 154 N.C. App. 302
 
 , 307,
 
 572 S.E.2d 192
 
 , 196-97 (2002). Accordingly, this assignment of error is overruled.
 

 The record on appeal contains an additional assignment of error not addressed by defendant in his brief to this Court. By Rule, we deem it abandoned.
 
 See
 
 N.C. R. App. P. 28(b)(6).
 

 No error.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).