STATE OF NORTH CAROLINA v. DARIAN JAQUAN HARRIS, Defendant

No. COA05-1031

(Filed 1 August 2006)

**1. Drugs—positive urine test—corroborating evidence required—insufficient evidence of marijuana possession**

A positive urine test, without more, does not satisfy the intent or knowledge requirement inherent in the statutory definition of possession. Here, the State presented no corroborating evidence of marijuana possession.

**2. Drugs— cocaine—positive urine test—corroborating evidence**

There was sufficient evidence to support a conviction for the possession of cocaine where a positive urine test gave rise to the inference that defendant used cocaine and testimony from a witness who saw defendant snort cocaine provided corroborating evidence.

Appeal by defendant from judgment entered 21 April 2005 by Judge Kenneth F. Crow in the Superior Court in Craven County. Heard in the Court of Appeals 8 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Karen Ousley Boyer, for the State.*

*Thomas R. Sallenger, for defendant-appellant.*

HUDSON, Judge.

In April 2005, the Craven County grand jury indicted defendant for the offenses of assault with a deadly weapon with the intent to kill

inflicting serious injury, assault inflicting serious bodily injury, sale and delivery of cocaine, possession of cocaine, and possession of marijuana. At trial, a jury convicted defendant of possession of cocaine and possession of marijuana, but acquitted him of the remaining charges. On 21 April 2005, the court sentenced defendant as a habitual felon to 132 to 168 months for the cocaine possession and to a concurrent 20-day sentence for the marijuana possession. Defendant appeals. As discussed below, we find no error in part, reverse in part, and remand for entry of judgment.

The evidence tends to show that on Friday night, 20 August 2005, Ms. Renetta Bryant drank beer and liquor and smoked marijuana with her husband. Early the next morning, Bryant arrived at a friend's house, where she saw defendant, Darian Harris, sitting in a chair in the front room. Bryant testified that she "saw [defendant] snort cocaine up his nose," and that she bought a crack rock from him for $20.00, which she then smoked. Bryant testified that she fell asleep and later woke up and went to the bathroom and that when she returned to the front room, defendant poured alcohol on her and used his cigarette lighter to set her on fire. Hours later, EMS transported Bryant to the hospital, where she was treated for second and third degree burns and transferred to a burn center for follow-up.

On 24 August 2004, defendant's probation officer took a urine sample from defendant at the Craven County Detention Center to determine if he had used drugs in violation of his probation. The North Carolina Department of Corrections Substance Abuse and Intervention Program analyzed the urine sample, which tested positive for marijuana and cocaine. The lab conducted its test twice to confirm the presence of marijuana and cocaine in defendant's urine. At trial, Dr. Robert McClelland, an expert in general pharmacology, testified that cocaine can be detected in the body for approximately 27 to 96 hours after use and that marijuana can be detected in the body for "a fairly long period" of 40 to 45 days.

Defendant argues that the trial court erred in not granting his motion to dismiss for insufficiency of the evidence. "[T]he question for the trial court is whether there is substantial evidence of (1) each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of the offense." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). In reviewing the trial court's ruling, we must evaluate the evidence in the light most favorable to the State and resolve all contradictions in

favor of the State. *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983). The ultimate question is "whether a reasonable inference of the defendant's guilt may be drawn from the circumstances." *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). If the evidence supports a reasonable inference of defendant's guilt, it is up to the jury to decide whether there is proof beyond a reasonable doubt. *State v. Trull*, 349 N.C. 428, 447, 509 S.E.2d 178, 191 (1998). However, if the evidence is "sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *Molloy*, 309 N.C. at 179, 305 S.E.2d at 720 (internal citation omitted). "This is true even though the suspicion aroused by the evidence is strong." *Id.* (internal citation omitted).

[1] We address defendant's argument regarding the sufficiency of the evidence on his marijuana conviction first. North Carolina Courts have not previously addressed whether a positive urine test for controlled substances, standing alone, supports a conviction for possession. Defendant was convicted of possession of less than one-half ounce of marijuana. N.C. Gen. Stat. 90-95(a)(3) & (d)(4) (2004). "An accused has possession of a controlled substance within the meaning of the law when he has both the power and intent to control its disposition or use." *State v. Matias*, 143 N.C. App. 445, 448, 550 S.E.2d 1, 3 (2001). "Necessarily, power and intent to control the controlled substance can exist only when one is aware of its presence." *Id.*

We note that although we are not bound by cases from other jurisdictions, the majority of courts that have confronted this issue have held that a positive drug test alone cannot support a conviction for possession.[1] Because we have no authority either way in North Carolina, we cite to many of these cases. *United States v. Reichenbach*, 29 M.J. 128, 138 (C.M.A. 1989) (discovery of drug in person's blood insufficient to establish guilt beyond a reasonable doubt, because insufficient proof of knowledgeable possession); *State v. Thronsen*, 809 P.2d 941, 943 (Alaska Ct. App. 1991) (positive drug test could not sustain conviction for cocaine possession because defendant ceased having control of it once it entered his body); *People v. Spann*, 232 Cal. Rptr. 31, 33-335 (Cal. Ct. App. 1986) (crimes of "use"

---

1. Both federal and state case law dealing with positive drug tests as circumstantial evidence in support of probation revocations have noted that a lower standard of proof is required in those hearings, and therefore have found evidence of positive drug tests sufficient to support a probation revocation. *See United States v. Blackston*, 940 F.2d 877, 891 (3rd Cir. 1991); *Brown v. State*, 760 S.W.2d 748, 749 (Tex. App. 1988).

and "possession" should not be merged); *State v. Vorm*, 570 N.E.2d 109, 111 (Ind. Ct. App. 1991) (positive drug test alone fails to prove defendant knowingly and voluntarily possessed cocaine); *State v. Flinchpaugh*, 659 P.2d 208, 211 (Kan. 1983) (once drug is in a person's blood, he no longer controls it, and positive drug test alone is insufficient to establish knowledge because it could have been injested involuntarily or by trick); *State v. Lewis*, 394 N.W.2d 212, 217 (Minn. Ct. App. 1986) ("evidence of a controlled substance in a person's urine specimen does not establish possession . . . absent probative corroborating evidence of actual physical possession"); *In re R.L.H.*, 116 P.3d 791, 795-96 (Mont. 2005) (presence of drug in body insufficient evidence that such drug was knowingly and voluntarily ingested); *State v. McCoy*, 864 P.2d 307, 313 (N.M. 1993) (positive drug test alone insufficient to prove knowledge and intent to possess controlled substance); *Jackson v. State*, 833 S.W.2d 220, 223 (Tex. App. 1992) ("[t]he results of a test for drugs in bodily fluids does not satisfy the elements of the offense of possession of cocaine"); *State v. Sorenson*, 758 P.2d 466, 468 (Utah Ct. App. 1988) ("the mere presence of alcohol in the bloodstream does not constitute possession"); *State v. Griffin*, 584 N.W.2d 127, 131 (Wis. Ct. App. 1998) ("mere presence of drugs in a person's system is insufficient to prove that the drugs are knowingly possessed by the person or that the drugs are within the person's control"). *But see Green v. State*, 398 S.E.2d 360, 362 (Ga. 1990) (positive urinalysis and testimony of certified urinalysis field technician sufficient to find defendant guilty of possession of cocaine); *State v. Schroeder*, 674 N.W.2d 827, 831 (S.D. 2004) (positive urinalysis sufficient to support possession conviction because statutory definition of controlled substance includes metabolites of substances).

Viewing the evidence here in the light most favorable to the State, we conclude that it is reasonable to infer from the positive urine screen that defendant must have ingested the substance. However, we hold that a positive urine test, without more, does not satisfy the intent or the knowledge requirement inherent in our statutory definition of possession. As the New Mexico Court noted,

> it is quite possible that a defendant may have involuntarily ingested the drugs either through coercion, deception, or second-hand smoke. Accordingly, without some corroborating proof of knowledge and intent, the cases have uniformly held that a positive drug test alone does not prove a defendant's knowledge of the drug or intent to possess it . . . . Moreover, we believe the

State's argument ["that knowledge and intent can be properly inferred from the positive drug test"] impermissibly shifts the burden of proof to Defendants. In our view, it would be difficult if not impossible for a defendant to present credible evidence that he or she ingested drugs unknowingly.

*McCoy*, 864 P.2d at 312-13. The Montana Court similarly stated that, "without more than proof that a person had a dangerous drug in their system, there is no evidence to establish that such drug was knowingly and voluntarily ingested." *R.L.H.*, 116 P.3d at 795. Here, the State presented no evidence regarding the marijuana charge other than the positive urine test. Here, the State presented no corroborating evidence that defendant had "the power and intent to control [the marijuana's] disposition or use" or that he was "aware of its presence." *See Matias*, 143 N.C. App. at 448, 550 S.E.2d at 3. Thus, we conclude that there was insufficient evidence that defendant possessed marijuana within the meaning of our Controlled Substances Act and we reverse the conviction.

**[2]** In contrast, we conclude that there was sufficient evidence to support defendant's conviction for possession of cocaine. Here, the positive urine screen gives rise to the inference that defendant ingested cocaine, and Ms. Bryant's testimony that she saw defendant snort cocaine provides corroborating evidence that defendant exercised the power and intent to control the substance's disposition or use, and that he was aware of its presence.

No error in part; reversed in part and remanded for entry of judgment.

Judges HUNTER and BRYANT concur.