**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4376**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

COREY JAMEL DAVIS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:03-cr-00060-BO-1)

_____

Submitted: February 11, 2014    Decided: February 20, 2014

_____

Before KING, AGEE, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Jamel Davis appeals the district court's judgment revoking his supervised release and imposing a twenty-four month prison term. Davis argues that the district court erred in finding that he engaged in criminal conduct while on release. We affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Johnson v. United States, 529 U.S. 694, 700 (2000). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).

After review of the record and the parties' briefs, we conclude that the district court did not abuse its discretion in revoking Davis' supervised release. A preponderance of the evidence supports the finding that Davis violated the terms of his supervised release by engaging in the criminal offense of felony possession of heroin while on release. N.C. Gen. Stat. §§ 90-89(2)j, 90-95(a)(3), (d)(1) (2013); State v. Matias,

2

556 S.E.2d 269, 270-71 (N.C. 2001); State v. Brown, 313 S.E.2d 585, 589 (N.C. 1984).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED