NO. COA13-1326

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

    v.

SHAWN RONDEL BAILEY

Person County
No. 11 CRS 52522

Appeal by defendant from judgment entered 17 September 2013 by Judge Henry W. Hight, Jr. in Person County Superior Court. Heard in the Court of Appeals 18 March 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General E. Burke Haywood, for the State.*
>
> *Winifred H. Dillon for defendant.*

HUNTER, Robert C., Judge.

Defendant Shawn Bailey appeals the judgment entered after a jury convicted him of possession of a firearm by a convicted felon. On appeal, defendant argues that the trial court erred in denying his motion to dismiss for insufficiency of the evidence.

After careful review, because the State failed to produce circumstantial evidence that defendant constructively possessed the firearm, we reverse the order denying his motion to dismiss.

**Background**

On 25 November 2011, Deputy Dustin Harris ("Deputy Harris") and Deputy Adam Norris ("Deputy Norris") of the Person County Sheriff's office were standing outside the law enforcement center in Roxboro when they heard multiple, rapidly-fired gunshots coming from the Harris Gardens Apartments ("the apartments"). Deputies Harris and Norris responded to the scene of the gunshots. As Deputy Harris entered the apartment complex, he saw a dark-colored, four-door sedan leaving. A female was driving the car, and defendant was in the passenger seat. The driver was later identified as Sherika Torrain ("Ms. Torrain"), defendant's girlfriend. The car was registered to defendant. Deputy Harris turned his car around, followed the sedan briefly, and then stopped it. Deputy Harris asked if there were any weapons in the car; according to Deputy Harris, defendant replied "yes" and told him that there was a gun on the floor in the back. Deputy Norris saw the weapon, which was later identified as an AK-47 assault rifle ("the rifle"). The rifle was warm and had been recently fired, with the magazine still in the gun. Later, investigators determined that the rifle was registered to Ms. Torrain.

Corporal Pam Ferstenau ("Corp. Ferstenau") of the Roxboro Police Department also responded to the scene. When she arrived, she saw Deputy Harris and Deputy Norris with the sedan. Corp. Ferstenau took custody of the rifle and an empty magazine found on the center console of the car. Sergeant Will Dunkley ("Sgt. Dunkley"), a patrol supervisor with the Roxboro Police Department, also responded to the scene. Sgt. Dunkley, along with another officer, searched the road near the apartments for evidence and found a spent shell case. Sgt. Dunkley testified that the casing is known as an "SKS round or AK round" which could be used in either an SKS or AK weapon.

During an interview at the Roxboro Police Department, defendant told police that he and his girlfriend were at the apartment complex when they heard shots. Defendant claimed that they left after the shots, but he denied possessing or firing the rifle. A gunshot residue test taken of defendant's hands was inconclusive.

Defendant testified in his own defense at trial. He claimed that he had spent the day at the apartment complex. After the shooting, he called Ms. Torrain to pick him up. She arrived, and defendant got in the passenger seat. Because he helped her buy the car, defendant admitted it was titled in his

name; however, he contended that she was the one who used and controlled the vehicle.

According to defendant, after Deputy Harris stopped the car and asked if there were any weapons in it, Ms. Torrain said "yes." Defendant denied knowing there was a gun in the car and denied telling Deputy Harris where it was located.

Defendant was indicted for possession of a firearm by a felon ("possession of a firearm"), going armed to the terror of the people, and discharging a firearm within city limits. Defendant's trial began 16 September 2013. The jury convicted defendant of possession of a firearm and acquitted him on the other charges. The trial court sentenced defendant to a minimum term of twelve months to a maximum term of fifteen months imprisonment. Defendant timely appealed.

**Argument**

Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the possession of a firearm charge for insufficiency of the evidence. Specifically, defendant contends that the State failed to present sufficient incriminating evidence that defendant constructively possessed the firearm. We agree.

"This Court reviews the trial court's denial of a motion to dismiss de novo." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (internal quotation marks omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

Here, defendant was charged with possession of a firearm by a felon in violation of N.C. Gen. Stat. § 14-415.1. Pursuant to section 14-415.1(a) (2013), it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm[.]" Defendant does not challenge his status as a convicted felon; therefore,

the only element of the offense we must consider on appeal is possession.

With regard to possession, our Supreme Court has noted that:

> In a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials. Proof of nonexclusive, constructive possession is sufficient. Constructive possession exists when the defendant, while not having actual possession, has the intent and capability to maintain control and dominion over the narcotics. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.

*State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001) (internal citations and quotation marks omitted). Whether constructive possession exists is based on the totality of the circumstances. *State v. Butler*, 147 N.C. App. 1, 11, 556 S.E.2d 304, 311 (2001).

In this case, it is undisputed that defendant did not actually possess the rifle nor was he the only occupant in the car where it was found. Therefore, he did not have "exclusive

possession" of the car, *Matias*, 354 N.C. at 552, 656 S.E.2d at 270, and the mere fact that defendant was in the car where the firearm was found does not, by itself, establish constructive possession, *State v. Weems*, 31 N.C. App. 569, 571, 230 S.E.2d 193, 194 (1976). Accordingly, the State was required to show "other incriminating circumstances" linking defendant to the rifle. *Matias*, 354 N.C. at 552, 556 S.E.2d at 271.

A review of decisions by this Court establishes that when evidence presented definitively links a defendant to a weapon, we have found that the circumstantial evidence of constructive possession was sufficient to withstand a defendant's motion to dismiss. For example, in *State v. Glasco*, 160 N.C. App. 150, 157, 585 S.E.2d 257, 262, this Court held that the trial court's denial of the defendant's motion to dismiss was proper where the evidence "tended to show" that the defendant had "discharged a gun." Specifically, the evidence showed that: (1) the defendant was seen jumping over a fence of a yard near the shooting; (2) the gun was recovered in that same yard; (3) the defendant was found carrying a bag with gunshot residue on it; and (4) the garbage bag had holes in it consistent with a firearm being fired inside the bag. *Id*.

Similarly, in *State v. Mitchell*, __ N.C. App. __, __, 735 S.E.2d 438, 440 (2012), *appeal dismissed*, __ N.C. __, 740 S.E.2d 466 (2013), police stopped the defendant, who was driving a rental car, for speeding. The defendant's girlfriend, Ms. Harris, was a passenger in the car. *Id*. The defendant "indicated" that there was a gun in the glove compartment. *Id*. Police found the gun inside Ms. Harris's purse which was being kept in the glove compartment. *Id*. Although the defendant denied telling the police about the gun, this Court found that the circumstances were sufficient to establish the defendant's constructive possession of the gun because the defendant was driving the vehicle—thus, he "controlled" it—and he was "aware" of the gun's presence in the glove compartment. *Id*. at ___, 735 S.E.2d at 443.

In contrast, however, this Court has found the evidence insufficient to go to the jury when there is no link between the defendant and the firearm besides mere presence. For example, in *State v. Alston*, 131 N.C. App. 514, 515, 508 S.E.2d 315, 316 (1998), the defendant was a passenger in a car driven by his wife. A handgun was found on the console of the automobile, with the defendant and his wife having equal access to it. *Id*. The handgun was registered to his wife, and the car was

registered to the defendant's brother. *Id*. at 516, 508 S.E.2d at 317. Although a child in the car told police that "Daddy's got a gun[,]" this evidence was not admitted for the truth of the matter asserted, so the trial court could not consider it as substantive proof of possession. *Id*. Because the evidence showed no more than mere presence, this Court held that there was insufficient evidence to support an inference of possession. *Id*. at 519, 508 S.E.2d at 319.

We find the facts of this case closer to those of *Alston* than *Glasco* or *Mitchell*. Like *Alston*, the rifle was registered to Ms. Torrain, defendant's girlfriend, who was driving the car when the rifle was found. Defendant was a passenger in the vehicle, not the driver. Moreover, the rifle was found in a place where Ms. Torrain and defendant had equal access. In addition, unlike *Glasco*, there was no physical evidence tying defendant to the rifle. Specifically, defendant's fingerprints were not found on the rifle, the magazine on the console, or the spent casing on the road which may have come from an AK firearm. Although the gun was warm and appeared to have been recently fired, there was no evidence that defendant had actually discharged the rifle because the gunshot residue test was inconclusive. Although it is undisputed that the sedan was

registered to defendant, he was not driving it at the time. Therefore, despite having legal ownership of the vehicle, defendant exercised no control over the car at the time the rifle was found.

Finally, although defendant allegedly admitted he knew that the rifle was in the car to Deputy Harris, awareness of the weapon is not enough to establish constructive possession. In *Mitchell*, __ N.C. App. __, 735 S.E.2d at 443-43, awareness was one of the factors the Court noted; however, its conclusion that there was sufficient incriminating evidence to submit the issue to the jury was predicated on both the defendant's awareness of the gun and the fact that he was driving the vehicle, noting that because "[a] driver generally has power to control the vehicle he is driving[,]" the defendant had the "power to control" the vehicle. Unlike *Mitchell*, defendant was not driving and, thus, not "controlling" the vehicle where the rifle was found. Therefore, defendant's knowledge or awareness of the rifle in and of itself did not constitute sufficient incriminating evidence to submit the issue to the jury.

While the State argues that the fact that the rifle was registered to defendant's girlfriend constitutes substantial evidence of constructive possession, the *Alston* Court

specifically rejected a similar argument, noting "we are not persuaded that the purchase and ownership of the handgun by [the] [d]efendant's wife is sufficient other incriminating evidence linking [the] [d]efendant to the handgun." *Alston*, 131 at 519, 508 S.E.2d at 319.

In summary, the only evidence linking defendant to the rifle was his presence in the vehicle and his knowledge that the gun was in the backseat. Consequently, the State failed to present sufficient "other incriminating circumstances," *Matias*, 354 N.C. at 552, 556 S.E.2d at 271, from which the jury could infer constructive possession. Accordingly, we reverse the trial court's order denying his motion to dismiss for insufficiency of the evidence.

## Conclusion

Because the State failed to present substantial evidence of constructive possession, we reverse the trial court's order denying defendant's motion to dismiss the charge of possession of a firearm by a felon.

REVERSED.

Judges BRYANT and STEELMAN concur.