McGEE, Chief Judge.
 

 *371
 
 Brad Chatman Wirt ("Defendant") appeals his convictions for possession of methamphetamine, possession of a firearm by a felon, and habitual felon status. Defendant argues the trial court erred in instructing the jury that his status as the driver of a stopped vehicle was sufficient to support an inference that he constructively possessed both methamphetamine and a firearm. We disagree.
 

 I.
 
 Factual and Procedural History
 

 Defendant was stopped by officers of the Randolph County Sheriff's Office ("Sheriff's Office") on 6 January 2016 while driving a beige Chevrolet pickup truck ("the truck"). The Sheriff's Office had received "drug complaints" about a man named Omar Sanchez ("Sanchez"). Officers conducted a two-hour "rolling surveillance" of Sanchez and Defendant as they drove to several hotels in the area. Both Sanchez and Defendant were seen driving the truck during the two-hour surveillance. Officers checked the truck's registration, found the license plate had expired, and pulled the truck over.
 

 At the time of the stop, Defendant was in the driver's seat and Sanchez was in the passenger seat. Officers ran a check of Defendant's driver's license and discovered Defendant had an outstanding warrant and that his license was suspended. The officers used a K-9 unit to perform a "free air sniff" of the truck. The K-9 unit alerted to the tailgate of the truck. The officers found several bags and backpacks in the bed of the
 
 *670
 
 truck that Sanchez stated belonged to him. While searching one of the backpacks, officers found 241 blue pills and a notebook containing Sanchez's name. Another backpack contained a compass with 0.2 grams of a crystalline substance
 
 [1]
 
 , a digital scale and counterweight, and a notebook containing entries in Defendant's handwriting concerning Defendant's wife. The officers then searched the interior of the truck and found a revolver and holster beneath the passenger seat.
 

 After Defendant was arrested, he was taken to a special operations center and a strip search was conducted. During the search, officers found a bag inside Defendant's underwear containing thirty-nine pills,
 
 *372
 
 fifteen of which were later determined to be diazepam. Defendant was indicted for possession of methamphetamine, possession of a firearm by a felon, three counts of possession with intent to manufacture, sell or deliver a controlled substance, and having attained habitual felon status.
 

 Following the presentation of evidence at trial, the State requested the trial court include jury instructions based on this Court's opinion in
 
 State v. Mitchell
 
 ,
 
 224 N.C.App. 171
 
 , 177,
 
 735 S.E.2d 438
 
 , 443 (2012). The requested instruction explained:
 

 An inference of constructive possession can arise from evidence which tends to show that a defendant was the custodian of the vehicle where the contraband was found. In fact, the courts in this State have held consistently that the driver of a borrowed car, like the owner of the car, has the power to control the contents of the car. Moreover, power to control the automobile where the contraband was found is sufficient in and of itself to give rise to the inference of knowledge and possession sufficient to go to the jury.
 

 Defendant objected to the additional instruction, but the trial court elected to include the expanded instruction. At Defendant's request, the trial court also added a definition of "inference" to the jury instructions.
 

 The jury was instructed on actual and constructive possession. The jury instructions stated that an inference of possession can arise when an item is found in a premises that Defendant had control over even if Defendant did not own the premises. The instructions further informed the jury that "power to control the automobile where the contraband was found is sufficient in and of itself to give rise to the inference of knowledge and possession."
 

 The jury found Defendant guilty of possession of methamphetamine, possession of a firearm by a felon, and possession of diazepam. Defendant entered a plea of guilty to habitual felon status. Defendant appeals his convictions for possession of methamphetamine, possession of a firearm by a felon, and habitual felon status.
 

 II.
 
 Analysis
 

 Defendant's sole issue on appeal is that "the trial court erred by giving the special instruction on constructive possession offered by the State over defense objection where that instruction was an incomplete and misleading statement of the law." Defendant's brief also implies that the State presented insufficient evidence to support a finding that he
 
 *373
 
 constructively possessed either the firearm or the methamphetamine and the State specifically addresses these arguments. Thus, we first consider whether there was sufficient evidence to support a finding of constructive possession and then address whether the trial court erred in giving the special instruction for constructive possession.
 

 A.
 
 Sufficient Evidence
 

 Defendant states there was insufficient evidence to convict him of possession of a firearm by a felon and possession of methamphetamine. "The denial of a motion to dismiss for insufficient evidence is a question of law, which this Court reviews
 
 de
 

 novo.
 
 "
 
 State v. Bagley
 
 ,
 
 183 N.C.App. 514
 
 , 523,
 
 644 S.E.2d 615
 
 , 621 (2007). "Evidence is sufficient to sustain a conviction when, viewed in the light most favorable to the State ... there is substantial evidence to support a jury finding
 
 *671
 
 of each essential element of the offense charged, and of the defendant being the perpetrator of such offense."
 

 Id.
 

 Defendant was convicted of possession of methamphetamine in violation of
 
 N.C. Gen. Stat. § 90-95
 
 (A)(3) (2017). In order to sustain a conviction for possession of methamphetamine, the State must prove beyond a reasonable doubt that (1) Defendant was in possession of (2) a controlled substance.
 
 N.C. Gen. Stat. § 90-95
 
 (A)(3) (2017). The State presented evidence that the North Carolina State Crime Laboratory determined the substance found on the compass was methamphetamine, a Schedule II controlled substance, and Defendant does not challenge this finding. Therefore, the only question for this Court is whether there was sufficient evidence to show Defendant possessed the methamphetamine.
 

 Defendant was also convicted of possession of a firearm by a felon. To sustain a conviction for possession of a firearm by a felon, the State must prove beyond a reasonable doubt that "(1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm."
 
 State v. Best
 
 ,
 
 214 N.C.App. 39
 
 , 45,
 
 713 S.E.2d 556
 
 , 561 (2011) (internal citations omitted). At trial, Defendant stipulated to his status as a convicted felon. However, Defendant contends there was insufficient evidence to support that he was in possession of the firearm.
 

 The State must prove that Defendant possessed methamphetamine or the firearm either actually or constructively. "Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition."
 
 State v. Alston
 
 ,
 
 131 N.C.App. 514
 
 , 519,
 
 508 S.E.2d 315
 
 , 318 (1998) (internal citations omitted). As the methamphetamine
 
 *374
 
 was found in a backpack in the bed of the truck, and not in Defendant's physical or personal custody, the State was required to present sufficient evidence to show constructive possession.
 

 "[A]n inference of constructive possession can ... arise from evidence which tends to show that a defendant was the custodian of the vehicle where the [contraband] was found. In fact, the courts in this State have held consistently that the driver of a borrowed car, like the owner of the car, has the power to control the contents of the car. Moreover, power to control the automobile where [contraband] was found
 
 is sufficient, in and of itself
 
 , to give rise to the inference of knowledge and possession sufficient to go to the jury."
 

 Mitchell,
 

 224 N.C.App. at 177
 
 ,
 
 735 S.E.2d at 443
 
 (internal citations omitted). As Defendant was undisputedly the driver of the truck in which the methamphetamine was found at the time the officers stopped the truck, Defendant's dominion and control over the truck is sufficient to give rise to an inference of possession.
 

 In
 
 Mitchell
 
 , the defendant was convicted of possession of marijuana and possession of a firearm by a felon.
 
 Id.
 
 at 172,
 
 735 S.E.2d at 440
 
 . The defendant in
 
 Mitchell
 
 was driving a rental car, had a suspended license, and his girlfriend was in the passenger seat when the vehicle was stopped by a police officer.
 

 Id.
 

 After the defendant revealed that his girlfriend was in possession of a marijuana cigarette and told the officer there was a gun in the glove compartment, the officer searched the vehicle and found a handgun and 79.3 grams of marijuana.
 
 Id.
 
 at 172-73,
 
 735 S.E.2d at 440
 
 . This Court found that " '[p]ower to control' the vehicle is sufficient evidence from which it is reasonable to infer possession" ("
 
 Mitchell
 
 standard"), and upheld the convictions.
 
 Id.
 
 at 178,
 
 735 S.E.2d at 443
 
 .
 

 Similar to
 
 Mitchell
 
 , in the present case Defendant was driving a borrowed truck, with a passenger, when illegal drugs and a weapon were found in the truck. However, Defendant argues that his dominion and control over the truck was insufficient to give rise to an inference of constructive possession because he was not the only occupant of the truck. Instead, Defendant argues that when a defendant does not have "exclusive possession of the place where the [contraband is] found, the State must show other incriminating circumstances before constructive possession may be inferred" ("additional evidence rule").
 

 *672
 

 Best
 
 ,
 
 214 N.C.App. at 53
 
 ,
 
 713 S.E.2d at 565
 
 . Defendant further argues that "the State presented little 'additional incriminating evidence' to support an inference
 
 *375
 
 beyond a reasonable doubt that [Defendant] constructively possessed" the firearm or the methamphetamine on the compass. However,
 
 Best
 
 also states that the fact the contraband was found in a vehicle driven by a defendant "standing alone,
 
 might
 
 be sufficient to permit a reasonable inference" of possession.
 
 Best,
 

 214 N.C.App. at 47
 
 ,
 
 713 S.E.2d at 562
 
 (emphasis added).
 

 Defendant contends that the definition of constructive possession should include the additional evidence rule as our Supreme Court discussed in
 
 State v. Chekanow
 
 ,
 
 370 N.C. 488
 
 , 494,
 
 809 S.E.2d 546
 
 , 551 (2018) that:
 

 "[I]f drugs are found in a closet in the defendant's home and the defendant is the sole resident of the home, the evidence of constructive possession is sufficient to take the issue to the jury." But if drugs are found "in a vehicle driven by one person and carrying several others as passengers," the defendant is not in exclusive possession and other incriminating circumstances must be shown.
 

 Importantly, the quoted portion of
 
 Chekanow
 
 was part of a citation showing the limited scope of our State's prior jurisprudence concerning exclusive possession, not as part of the Supreme Court's ultimate holding.
 

 Id.
 

 at 493
 
 ,
 
 809 S.E.2d at 550
 
 . Instead,
 
 Chekanow
 
 involved the discovery of marijuana plants outdoors on the outskirts of the defendant's property, not contraband inside a vehicle.
 

 Id.
 

 at 490
 
 ,
 
 809 S.E.2d at 548
 
 . Additionally, the quoted portion of
 
 Chekanow
 
 comes from a North Carolina Crimes treatise, not from North Carolina case law.
 

 Id.
 

 at 493
 
 ,
 
 809 S.E.2d at 551
 
 (quoting Jessica Smith, NORTH CAROLINA CRIMES 702 (7
 
 th
 
 ed. 2012) ). Our Supreme Court denied review in both
 
 Best
 
 and
 
 Mitchell
 
 . We believe had the Supreme Court intended to overrule this Court's prior holdings that power to control the automobile where the contraband was found is sufficient, in and of itself, to give rise to the inference of knowledge and possession, it would have done so explicitly.
 
 See
 

 Mitchell,
 

 224 N.C.App. at 177
 
 ,
 
 735 S.E.2d at 443
 

 In the present case, while Defendant's status as the driver might, like in
 
 Best
 
 , be sufficient to uphold his conviction for possession of methamphetamine, the State also presented additional incriminating evidence to support an inference of constructive possession. Such evidence included (1) Defendant's frequent stops at hotels and a gas station - indicative of drug transactions, (2) Defendant's possession of other controlled substances, and (3) the backpack in which the methamphetamine was found contained Defendant's personal belongings. Viewed
 
 *376
 
 in the light most favorable to the State, there was sufficient evidence to support each element of possession of methamphetamine.
 

 Like possession of the methamphetamine, possession of a firearm can be actual or constructive.
 
 Alston
 
 ,
 
 131 N.C.App. at 519
 
 ,
 
 508 S.E.2d at 318
 
 . Since the firearm in the present case was found under the passenger seat of the truck, and not in Defendant's physical or personal custody, the State was required to show constructive possession. As with possession of a controlled substance, Defendant's dominion and control as the driver of the truck was sufficient to give rise to an inference of constructive possession of the firearm.
 
 Mitchell,
 

 224 N.C.App. at 177
 
 ,
 
 735 S.E.2d at 443
 
 .
 

 Defendant argues that his nonexclusive control over the truck required the State to provide additional incriminating evidence. As discussed above, Defendant's status as the driver is sufficient to give rise to an inference of possession.
 
 Best
 
 ,
 
 214 N.C.App. at 53
 
 ,
 
 713 S.E.2d at 565
 
 . Nevertheless, the State presented additional incriminating evidence sufficient to support a finding of constructive possession of the firearm, including Defendant's proximity to the firearm - both while in the driver's seat and while sitting directly above the gun when he was in the passenger's seat - and his behavior consistent with the sale of drugs. Viewed in the light most favorable to the State, there was sufficient evidence to support each element of possession of a firearm by a felon.
 

 B.
 
 Jury Charge
 

 Defendant further expressly contends the trial court erroneously omitted the
 
 *673
 
 additional evidence standard from the jury instructions on constructive possession, misleading the jury. This Court reviews a challenge to a trial court's decision regarding jury instructions
 
 de novo
 
 ,
 
 State v. King
 
 ,
 
 227 N.C.App. 390
 
 , 396,
 
 742 S.E.2d 315
 
 (2009), and reviews the jury instructions in their entirety when determining if there was error.
 
 State v. Blizzard
 
 ,
 
 169 N.C.App. 285
 
 , 297,
 
 610 S.E.2d 245
 
 , 253 (2005).
 

 The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed .... Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
 

 Id.
 

 (quoting
 
 Bass v. Johnson
 
 ,
 
 149 N.C.App. 152
 
 , 160,
 
 560 S.E.2d 841
 
 , 847 (2002) ).
 

 *377
 
 Defendant contends the trial court's failure to instruct the jury on the additional incriminating evidence rule constitutes reversible error. Defendant argues the addition of the
 
 Mitchell
 
 standard and the omission of the additional evidence standard misled the jury because they were instructed Defendant's status as the driver alone would raise the inference of constructive possession. However, the State presented the trial court with the supporting case law and the trial court did not err in including the addition of the standard this Court articulated in
 
 Mitchell
 
 . Because the jury was presented with additional evidence to consider and the trial court instructed the jury that Defendant's position as the driver of the truck might, but did not necessarily, give rise to the inference of constructive possession, even assuming
 
 arguendo
 
 the omission constituted error, it was not likely to mislead the jury.
 

 The trial court's instructions to the jury regarding constructive possession are as follows:
 

 Members of the jury, if you find beyond a reasonable doubt that a substance or article was found in close physical proximity to [ ] [D]efendant, that would be a circumstance from which, together with other circumstances, you may infer that [ ] [D]efendant was aware of the presence of the substance or article and had the power and intent to control its disposition or use. However, [ ] [D]efendant's physical proximity, if any, to the substance or article does not by itself permit an inference that [ ] [D]efendant was aware of its presence or had the power to control its disposition or use. Such an inference may be drawn only from this and other circumstances from which you find ... from the evidence beyond a reasonable doubt.
 

 Further, I charge you, members of the jury, if you find beyond a reasonable doubt that a substance or article was found in a certain premises and that [ ] [D]efendant exercised control over those premises, whether or not [ ] [D]efendant owned it, this would be a circumstance from which you may infer that [ ] [D]efendant was aware of the presence of the substance or article and had the power and intent to control its disposition or use.
 

 An inference of constructive possession can arise from evidence which tends to show that a defendant was the custodian of a vehicle where the contraband was found. The driver of a borrowed car, like the owner of the car, has the power to control the content of the car. ... Moreover,
 
 *378
 
 [ ] power to control the automobile where the contraband was found is sufficient in and of itself to give rise to the inference of knowledge and possession. Inference, members of the jury, means you may so find but you are not required to do so.
 

 These instructions were based on the pattern jury instructions for constructive possession with additions from this Court's decision in
 
 Mitchell
 
 and a mutually agreed upon definition of the term inference.
 

 The State does not argue that Defendant had actual possession of either the firearm or the illegal drugs. Therefore, if Defendant possessed the firearm or illegal drugs, he did so constructively and the trial court's inclusion of the pattern jury instructions is appropriate. The State presented the trial court with supporting case law for their requested addition of the
 
 Mitchell
 
 standard to the pattern jury instructions. " '[W]hen a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the
 
 *674
 
 precise language of the prayer, is nevertheless required to give the instruction, in substance at least[.]' "
 
 Minor v. Minor
 
 ,
 
 366 N.C. 526
 
 , 531,
 
 742 S.E.2d 790
 
 , 793 (2013) (quoting
 
 Calhoun v. Highway Com.
 
 ,
 
 208 N.C. 424
 
 , 426,
 
 181 S.E. 271
 
 , 272 (1935) ). The
 
 Mitchell
 
 standard, that the driver of a borrowed car has the requisite dominion and control over the vehicle to support an inference of possession of the vehicle's contents, has been applied and upheld consistently by this Court.
 
 See
 

 Best
 
 ,
 
 214 N.C.App. at 47
 
 ,
 
 713 S.E.2d at
 
 562 ;
 
 State v. Hudson
 
 ,
 
 206 N.C.App. 482
 
 , 490,
 
 696 S.E.2d 577
 
 , 583 (2010).
 

 Defendant argues the trial judge should have included language articulating the additional evidence rule as described in the footnote of the pattern jury instructions. N.C.P.I. - Crim. 104.41. n.1. While Defendant objected to the addition of the
 
 Mitchell
 
 standard, he did not request that the additional evidence rule from the footnote be included when the trial court specifically asked Defendant's counsel if he had any other objections to the jury instructions.
 

 Defendant argues that footnote 1 of the North Carolina Pattern Instructions for constructive possession requires the additional evidence rule instruction when a defendant's control over the premises is nonexclusive. The footnote cites to four cases, each of which are distinguishable from the present case, as none involve inferring possession by the driver of a vehicle.
 
 State v. Thorpe
 
 ,
 
 326 N.C. 451
 
 , 453,
 
 390 S.E.2d 311
 
 , 313 (1990) involved illegal drugs found in a pool hall;
 
 State v. Davis
 
 ,
 
 325 N.C. 693
 
 , 695,
 
 386 S.E.2d 187
 
 , 188 (1989) focused on illegal drugs found inside a mobile home;
 

 *379
 

 State v. Brown
 
 ,
 
 310 N.C. 563
 
 , 566,
 
 313 S.E.2d 585
 
 , 587 (1984) involved illegal drugs located inside an apartment; and
 
 State v. Harvey
 
 ,
 
 281 N.C. 1
 
 , 6,
 
 187 S.E.2d 706
 
 , 710 (1972) dealt with illegal drugs found inside a home. Defendant's status as the driver of the truck is more closely analogous to
 
 Mitchell
 
 ; therefore, the trial court made proper additions to the jury charge.
 

 Even assuming
 
 arguendo
 
 that the trial court erred in omitting the additional evidence rule from the instructions, the State presented sufficient additional evidence such that the omission was not likely to mislead the jury. As noted above, the State presented additional evidence that could lead a reasonable juror to believe that Defendant was in constructive possession of both the firearm and methamphetamine. Defendant was in close proximity to the handgun and was found with other illegal drugs. The methamphetamine was found in a backpack with Defendant's personal belongings, he was found in actual possession of other illegal drugs, and he made frequent stops at hotels, behavior commonly associated with drug activity. The jury considered all of this evidence, in addition to Defendant's status as the driver.
 

 Further, the trial court instructed the jury that inference means "you may so find but you are not required to do so." "We presume 'that jurors ... attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.' "
 
 State v. Jennings
 
 ,
 
 333 N.C. 579
 
 , 618,
 
 430 S.E.2d 188
 
 , 208 (1993) (quoting
 
 Francis v. Franklin
 
 ,
 
 471 U.S. 307
 
 , 324 n.9,
 
 105 S.Ct. 1965
 
 ,
 
 85 L.Ed.2d 344
 
 , 360 n.9 (1985) ). The jury was specifically instructed that Defendant's status as the driver did not require that the jury find constructive possession. Because the trial court correctly instructed the jury that Defendant's status as the driver was sufficient to support an inference of constructive possession, and the jury was presented with additional evidence to consider that it could infer constructive possession, Defendant has failed to meet his burden of proving the jury instructions were likely to mislead the jury.
 

 III.
 
 Conclusion
 

 For the reasons stated above, we conclude there was sufficient evidence to support Defendant's convictions of possession of a firearm by a felon and possession of methamphetamine. The trial court's instructions on constructive possession were not misleading and, therefore, were not reversible error.
 

 NO ERROR.
 

 Judges ELMORE and ARROWOOD concur.
 

 [1]
 

 Defendant's brief refers to the substance found on the compass as cocaine. However, the State Crime Laboratory tested and labeled the substance as methamphetamine. Defendant was subsequently indicted and convicted of possession of methamphetamine.