IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-678

Filed 19 September 2023

Brunswick County, Nos. 20CRS1479, 20CRS52571

STATE OF NORTH CAROLINA

v.

ANTONIO DAYMONTE LIVINGSTON, Defendant.

Appeal by defendant from judgment entered on or about 1 July 2021 by Judge Jason C. Disbrow in Superior Court, Brunswick County. Heard in the Court of Appeals 9 May 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Eric R. Hunt, for the State.*

*Sean P. Vitrano for defendant-appellant.*

STROUD, Chief Judge.

Defendant Antonio Daymonte Livingston appeals from a judgment, entered following a jury trial, for one count of possession of a firearm by a felon ("felon-in-possession"). Because the State presented sufficient evidence Defendant constructively possessed the firearm, we find no error.

## I.  Background

The State's evidence at trial tended to show, on 25 June 2020, deputies with the Brunswick County Sheriff's Office were conducting surveillance in a

neighborhood they characterized as "a known drug area[.]" During this surveillance operation, the deputies noticed a car go into the "known drug area" for "[a]pproximately two minutes[,]" which gave them a "hunch" it was involved in "[i]llegal activities." Based on this "hunch" the car was involved in illegal activities, the deputies continued to observe it. After seeing the car fail to stop at a stop sign and drive 70 miles per hour in a zone where the speed limit was 55 miles per hour, the deputies stopped the vehicle.

When deputies stopped the vehicle, the only two occupants were Defendant, who was in the passenger seat, and another man, who was driving. As deputies approached the vehicle, they smelled marijuana and saw marijuana "shake"[1] on both Defendant and the driver. Based on the marijuana smell and presence of marijuana shake, the deputies searched the car.

The search revealed a black bag behind the passenger seat where Defendant was sitting. Inside the black bag, one of the deputies discovered a gun, which was touching a Crown Royal bag. Inside the Crown Royal bag was a wallet that had three identification cards and one credit card, each with Defendant's name and picture on it.

After one of the deputies made this discovery of the gun and the wallet with Defendant's identification and credit cards, he informed the other two deputies on

---

[1] Marijuana "shake" is "small pieces of marijuana" that fall "[a]s people are rolling marijuana cigarettes[.]"

scene. After the deputy speaking with Defendant was informed the search revealed a gun, he asked Defendant about the bag with the gun and his identification and credit cards. Defendant denied the bag was his and stated he did not know how any of the identification or credit cards could be his, but Defendant admitted he was a convicted felon. Because Defendant admitted he was a convicted felon and a gun was found touching the Crown Royal bag with his cards, the deputies arrested Defendant on a felon-in-possession charge.

On or about 7 December 2020, Defendant was indicted on the felon-in-possession charge.[2] The trial began on 28 June 2021. At trial, the State had three deputies testify consistent with the facts recounted above. At the close of the State's evidence, Defendant moved to dismiss the felon-in-possession charge on the grounds the State had failed to prove Defendant possessed the gun recovered from the black bag. The trial court denied the motion to dismiss. Defendant did not present any evidence at trial. At the close of all the evidence, Defendant renewed his motion to dismiss, and the trial court again denied it.

The jury found Defendant guilty on the felon-in-possession charge. On or about 1 July 2021, the trial court entered judgment on the felon-in-possession charge and sentenced Defendant to 108 to 142 months in prison, as enhanced by Defendant's status as a habitual felon. Defendant gave oral notice of appeal in open court and

---

[2] Defendant was also indicted as a habitual felon on or about 7 December 2020. We do not discuss habitual felon status further because it is not challenged on appeal.

also gave written notice of appeal on 2 July 2021.

## II. Analysis

In his only argument on appeal, Defendant contends the "trial court erred in denying the motion to dismiss" the felon-in-possession charge because there was insufficient evidence to submit the charge to the jury. After discussing the standard of review, we turn to the question of whether the State presented sufficient evidence.

## A. Standard of Review

Our Supreme Court has explained the standard of review in sufficiency of the evidence cases as follows:

> The standard of review for a motion to dismiss for insufficient evidence is well settled. The trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered. In its analysis, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. When the evidence raises no more than a suspicion of guilt, a motion to dismiss should be granted. However, so long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence. The test for sufficiency of the evidence is the same whether the evidence is direct, circumstantial or both.

*State v. Bradshaw*, 366 N.C. 90, 92-93, 728 S.E.2d 345, 347 (2012) (citations,

quotation marks, and brackets omitted). Then, "[a]n appellate court reviews the denial of a motion to dismiss for insufficient evidence *de novo*." *State v. Taylor*, 203 N.C. App. 448, 458, 691 S.E.2d 755, 763 (2010) (citation and quotation marks omitted).

## B. Sufficiency of the Evidence

North Carolina General Statute § 14-415.1 bars convicted felons from possessing firearms: "It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c)." N.C. Gen. Stat. § 14-415.1(a) (2019). The elements of the felon-in-possession offense are: "(1) [the] defendant was previously convicted of a felony and (2) subsequently possessed a firearm." *Bradshaw*, 366 N.C. at 93, 728 S.E.2d at 347-48. Defendant concedes the previous felony conviction element "is not in dispute[;]" the State introduced a certified copy of Defendant's prior felony conviction. As a result, the only issue is whether the State presented sufficient evidence Defendant possessed the gun. *See id.*

"It is well established that possession may be actual or constructive." *Id.* at 93, 728 S.E.2d at 348. "Actual possession requires that the defendant have physical or personal custody of the firearm." *Taylor*, 203 N.C. App. at 459, 691 S.E.2d at 764. Alternately, "[a] defendant constructively possesses contraband when he or she has the intent and capability to maintain control and dominion over it." *Bradshaw*, 366

N.C. at 94, 728 S.E.2d at 348 (citations and quotation marks omitted). Here, law enforcement found the gun in a black bag in the car, so Defendant did not have actual possession. *See Taylor*, 203 N.C. App. at 459, 691 S.E.2d at 764 (requiring "physical or personal custody" for actual possession). So the State had to present sufficient evidence of constructive possession to defeat the motion to dismiss. *See Bradshaw*, 366 N.C. at 93, 728 S.E.2d at 348 (indicating possession can be actual or constructive).

As to constructive possession, our Supreme Court has explained:

> A defendant constructively possesses contraband when he or she has the intent and capability to maintain control and dominion over it. The defendant may have the power to control either alone or jointly with others. Unless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession.

*Id.* at 94, 728 S.E.2d at 348 (citations and quotation marks omitted). In the context of a car, a defendant does not have exclusive possession of a car if the car has other occupants. *See State v. Bailey*, 233 N.C. App. 688, 691, 757 S.E.2d 491, 493 (2014) ("[I]t is undisputed that [the] defendant did not actually possess the rifle, nor was he the only occupant in the car where it was found. Therefore, he did not have 'exclusive possession' of the car[.]" (quoting *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001))). Here, Defendant was not the only person in the car when the gun was found, so he did not have exclusive possession of the place the gun was found. *See Bailey*, 233 N.C. App. at 691, 757 S.E.2d at 493. As a result, the State "must

show other incriminating circumstances sufficient for the jury to find" Defendant "had constructive possession." *Bradshaw*, 366 N.C. at 94, 728 S.E.2d at 348.

The other incriminating circumstances "inquiry is necessarily fact specific; each case will turn on the specific facts presented, and no two cases will be exactly alike." *Id.* (citation and quotation marks omitted). Our Courts "consider[] a broad range of other incriminating circumstances to determine whether an inference of constructive possession [is] appropriate[.]" *Id.* (citation and quotation marks omitted). "Two of the most common factors [of incriminating circumstances] are the defendant's proximity to the contraband and indicia of the defendant's control over the place where the contraband is found." *Id.* (citation and quotation marks omitted). This Court has also termed the indicia of control factor as "evidence that the defendant had a specific or unique connection to the place where the contraband was found." *State v. Kennedy*, 276 N.C. App. 381, 384-85, 856 S.E.2d 893, 896 (2021) (citation and quotation marks omitted).

Focusing on proximity first, mere proximity alone is not sufficient. *See Bailey*, 233 N.C. App. at 692, 757 S.E.2d at 493 ("[T]his Court has found the evidence insufficient to go to the jury when there is no link between the defendant and the firearm besides mere presence."). But proximity can be sufficient when combined with other factors. *See State v. Best*, 214 N.C. App. 39, 47, 713 S.E.2d 556, 562 (2011) (finding "the location in which the firearm was discovered" combined with other testimony was sufficient to support a felon-in-possession conviction). For example, in

*Best*, this Court found the "close proximity" between the defendant, who was driving the vehicle, and the gun, which was "found on the floor next to the driver's seat," sufficiently supported a felon-in-possession conviction when combined with the defendant's admitted ownership of the gun and corroborative testimony by other witnesses. *See id.*

Turning to indicia of control, in *Kennedy*, this Court concluded the defendant had a "specific or unique connection to the place where the contraband was found" when the gun was discovered inside a backpack the defendant owned and that also contained "drugs and drug paraphernalia belonging to" the defendant. *Kennedy*, 276 N.C. App. at 385, 856 S.E.2d at 897 (citation and quotation marks omitted). Further, in *Bradshaw*, our Supreme Court concluded the defendant "exercised dominion and control" over contraband found in a bedroom because police also found in the bedroom: bills with his name on them, a paystub with his name on it, a holiday card with a "known alias" of the defendant, and two recent photographs of the defendant. *Bradshaw*, 366 N.C. at 96-97, 728 S.E.2d at 349-50.

Here, the "[t]wo most common factors" indicating other incriminating circumstances—(1) Defendant's "proximity to the contraband and [(2)] indicia of" Defendant's "control over the place where the contraband is found"—are both present. *Bradshaw*, 366 N.C. at 94, 728 S.E.2d at 348. First, as to proximity, the black bag containing the gun was placed "behind the passenger seat" where Defendant was sitting. As a result, Defendant was sitting "[l]ess than" two feet in front of the bag.

This proximity resembles the situation in *Best* where the defendant was in the driver's seat and the gun was found "on the floor next to the driver's seat[.]" *Best*, 214 N.C. App. at 47, 713 S.E.2d at 562.

Second, as to indicia of Defendant's control, the gun was found touching a Crown Royal bag that contained a wallet with three different identification cards and a credit card, which all had Defendant's name and picture on them. Similar to *Bradshaw*, these identification cards and credit card make it reasonable to infer Defendant controlled, in this case owned, the Crown Royal bag. *See Bradshaw*, 366 N.C. at 96-97, 728 S.E.2d at 349-50 (finding recent photos of the defendant and financial documents with his name on them were sufficient indicia of control for constructive possession); *see also Bradshaw*, 366 N.C. at 92-93, 728 S.E.2d at 347 (indicating we draw "all reasonable inferences" in favor of the State when reviewing a motion to dismiss for insufficient evidence). Working with the inference Defendant owned the Crown Royal bag, this case resembles *Kennedy*. *See Kennedy*, 276 N.C. App. at 385, 856 S.E.2d at 897. Like in *Kennedy*, we can reasonably infer Defendant had control over the firearm inside the black bag because he had stored it with his other possessions, *i.e.* the Crown Royal bag with his identification and credit cards. *See id.*; *see also Bradshaw*, 366 N.C. at 92-93, 728 S.E.2d at 347 (requiring drawing reasonable inferences in favor of the State for motions to dismiss). Therefore, the State presented significant evidence Defendant controlled the black bag that contained the gun.

Combined with Defendant's proximity to the firearm, the State's evidence Defendant controlled the black bag with the gun in it is sufficient to conclude Defendant constructively possessed the gun. *See Bradshaw*, 366 N.C. at 94, 728 S.E.2d at 348 (indicating "[t]wo of the most common factors" allowing "an inference of constructive possession . . . when a defendant exercised nonexclusive control of contraband" are proximity and "indicia of the defendant's control over the place where the contraband is found"). Thus, after our *de novo* review, the State presented sufficient evidence for each of the elements of the felon-in-possession charge, and the trial court did not err in denying the motion to dismiss.

## III. Conclusion

Drawing all reasonable inferences in favor of the State, the State presented sufficient evidence Defendant constructively possessed the gun. As a result, we conclude the trial court did not err in denying Defendant's motion to dismiss.

NO ERROR.

Judges WOOD and GRIFFIN concur.