An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-697

Filed 6 May 2026

Moore County, Nos. 20CR050440-620; 20CR051630-620; 20CR051631-620; 20CR051632-620

STATE OF NORTH CAROLINA

v.

ZION MI'CAH BOWENS

Appeal by Defendant from judgments entered 19 September 2024 by Judge Michael A. Stone in Moore County Superior Court. Heard in the Court of Appeals 25 February 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Christopher J. Stipes, for the State-Appellee.*

> *Samulski Law PLLC, by Richard J. Samulski, Jr., for Defendant-Appellant.*

COLLINS, Judge.

Defendant Zion Mi'cah[1] Bowens appeals from judgments entered upon a jury's guilty verdicts of various crimes, including felony possession with intent to sell or

---

[1] The trial court's judgments list Defendant's name with quotation marks instead of an apostrophe; we have corrected it for the purposes of this appeal.

deliver marijuana and misdemeanor possession of marijuana. Defendant argues that the trial court erred by denying his motion to dismiss because the State presented insufficient evidence of possession of marijuana and possession with intent to sell or deliver marijuana. We find no error.

## I. Background

Defendant was indicted for multiple offenses, including felony possession of more than one and one-half ounces of marijuana, simple possession of less than one-half ounce of THC wax, felony possession with intent to sell or deliver marijuana, possession of drug paraphernalia, operating a motor vehicle without a license, fleeing to elude arrest with a motor vehicle, and a rear lamps violation. The case came on for trial where the evidence tended to show the following:

Moore County Sheriff's Officer Presley Stevenson was watching the parking lot of a Circle K gas station when he saw a man he recognized from prior drug investigations walk over to a Nissan and hand something through the driver's window. The Nissan was driven by Defendant, and Terrell Wade was in the passenger's seat.

Defendant drove out of the parking lot, and Stevenson followed. Stevenson noticed the Nissan's license plate light was out. He called in this violation over the police radio and activated his blue lights to initiate a traffic stop. The Nissan failed to pull over for a mile and a half, despite having multiple opportunities to do so. Stevenson called in a pursuit, and Officers Gooding and Page joined.

Stevenson saw Defendant and Wade "moving around inside the passenger and driver area of the vehicle" during the pursuit. As Defendant turned right at an intersection, Stevenson saw "an object thrown from the passenger side of the vehicle." Defendant eventually stopped in a residential area. Gooding approached the driver's side while Stevenson approached the passenger's side. Defendant and Wade got out of the car, and the officers searched both men. Defendant had $230 in cash in his sock, while Wade had $394 in cash in his sock. Stevenson saw a plastic bag of what appeared to be marijuana sitting on the Nissan's center armrest. The officers searched the car and found two clear plastic bags and a jar containing suspected marijuana in the center console; a magazine for a Glock handgun underneath the radio; a clear plastic bag containing an orange, wax-like substance in the passenger door panel; and a box of clear sandwich bags in the glove box.

Page recovered a blue bag that had been thrown from the Nissan; it contained a green vegetable substance suspected to be marijuana. An officer later walked a police dog along the road where the chase had taken place and found a handgun on the side of the road.

The substance in the blue bag was later determined to be marijuana weighing a total of 1.18 ounces (approximately 33 grams).

Following the State's presentation of evidence, Defendant moved to dismiss all charges for insufficient evidence. The trial court dismissed the charges of possession of more than one and one-half ounces of marijuana and possession of less than

one-half ounce of THC wax. The trial court denied Defendant's motion to dismiss the lesser-included offense of possession of between one-half and one-and-one-half ounces of marijuana and the charge of possession with intent to sell or deliver marijuana. The jury found Defendant guilty of misdemeanor possession of more than one-half to one-and-one-half ounces of marijuana, possession with intent to sell or deliver marijuana, possession of marijuana paraphernalia, and fleeing to elude arrest with a motor vehicle. The trial court sentenced Defendant to six to seventeen months' imprisonment, suspended pending successful completion of twenty-four months' supervised probation. Defendant filed a pro se written notice of appeal.

## II. Discussion

### A. Appellate Jurisdiction

We first address our jurisdiction to hear this appeal. Defendant's notice of appeal designates the incorrect court to which appeal is taken, and there is no indication in the record that notice was served on the State. *See* N.C. R. App. P. 4 (requiring appellant to designate the judgment from which appeal is taken, the court to which appeal is taken, and the service of the notice of appeal upon all adverse parties). Defendant acknowledges his failure to comply with Rule 4 and has filed a petition for writ of certiorari seeking review in the event his notice of appeal is deemed insufficient to confer jurisdiction on this Court. However, it can be fairly inferred from the record that Defendant intended to appeal to this Court and that the State was not misled by Defendant's mistake, and the State has not raised the issue

of lack of service of the notice of appeal. *See State v. Ragland*, 226 N.C. App. 547, 552-53 (2013). Accordingly, Defendant's mistake in failing to name this Court in his notice of appeal and his failure to serve the notice of appeal do not warrant dismissal. *Id.* at 553. Defendant's petition for writ of certiorari is thus dismissed as moot.

**B. Motion to Dismiss**

Defendant argues that the trial court erred by denying his motion to dismiss for insufficient evidence of possession of marijuana and possession with intent to sell or deliver marijuana.

### 1. *Standard of Review*

We review a trial court's denial of a motion to dismiss de novo. *State v. Chavis*, 278 N.C. App. 482, 485 (2021). When deciding a motion to dismiss, the trial court must determine "whether there is substantial evidence of (1) each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of the offense." *State v. Harris*, 178 N.C. App. 723, 724 (2006) (quoting *State v. Scott*, 356 N.C. 591, 595 (2002)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79 (1980). We view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving all contradictions in its favor. *State v. Chekanow*, 370 N.C. 488, 492 (2018).

### 2. *Possession of Marijuana*

To survive a motion to dismiss a possession of marijuana charge, the State must present substantial evidence that the defendant knowingly possessed marijuana. N.C. Gen. Stat. § 90-95(a)(1), (a)(3) (2025); *see Chekanow*, 370 N.C. at 493. Possession may be actual or constructive. *State v. Matias*, 354 N.C. 549, 552 (2001). A person has constructive possession of a substance when they have the power and intent to control the use or disposition of the substance. *Chekanow*, 370 N.C. at 494-96. When the defendant does not have exclusive possession of the place where the contraband is found, the State must present sufficient evidence of other incriminating circumstances. *Id.* at 496.

> In determining whether sufficient incriminating circumstances exist to support a finding of constructive possession, a review of this Court's cases reveals that we have considered the following factors: (1) the defendant's ownership and occupation of the property . . . ; (2) the defendant's proximity to the contraband; (3) indicia of the defendant's control over the place where the contraband is found; (4) the defendant's suspicious behavior at or near the time of the contraband's discovery; and (5) other evidence found in the defendant's possession that links the defendant to the contraband.

*Id.*

Here, the State presented evidence of multiple incriminating circumstances from which a reasonable juror could infer Defendant's knowing possession of marijuana.

Defendant was the Nissan's driver. *See State v. Wirt*, 263 N.C. App. 370, 376 (2018) (a driver's control over a vehicle is a relevant circumstance supporting

constructive possession of contraband associated with the vehicle). Furthermore, Stevenson testified that, shortly before he attempted to stop Defendant's Nissan, he saw an apparent exchange through the driver's window involving an individual Stevenson recognized from prior narcotics investigations. Additionally, Defendant did not immediately stop when Stevenson activated his blue lights and instead continued driving for approximately a mile and a half, passing multiple locations where he could have safely pulled over. During that pursuit, Stevenson saw movement inside the vehicle and then an object thrown from the passenger's side. Officers later recovered the discarded blue bag along the side of the roadway, and the plant material in the bag was determined to be marijuana weighing approximately 1.18 ounces. A Glock 17 handgun was also recovered from the passenger's side of the road.

Defendant's conduct and control of the Nissan, along with the officer's observation of the discarded bag, the immediate recovery of the bag along the route of the pursuit, and the lab confirmation of the bag's substance as marijuana, were properly considered by the trial court. *See Chekanow*, 370 N.C. at 496.

The State presented additional incriminating circumstances from the vehicle search and Defendant's person. The Nissan had suspected marijuana-related items and packaging materials in areas of the vehicle accessible to the driver, including two clear plastic bags and a jar containing suspected marijuana in the center console; a magazine for a Glock handgun underneath the radio; a clear plastic bag containing

an orange, wax-like substance in the passenger door panel; significant sums of cash in the occupants' socks; and a box of clear sandwich bags in the glove box. Evidence of packaging materials and cash are recognized circumstances that may link a defendant to drug possession when considered as part of the overall totality. *Id.*

Viewed in the light most favorable to the State, the evidence supported a reasonable inference that Defendant knowingly possessed marijuana. The trial court therefore properly denied the motion to dismiss this charge.

### 3. *Possession with Intent to Sell or Deliver Marijuana*

To survive a motion to dismiss a charge of possession with intent to sell or deliver a controlled substance, the State must present substantial evidence that the defendant (1) possessed the controlled substance and (2) intended to sell or deliver it. *State v. Coley*, 257 N.C. App. 780, 786 (2018); N.C. Gen. Stat. § 90-95(a)(1). When direct evidence of intent is lacking, intent may be inferred from the totality of the circumstances, "(1) including the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity of the substance, and (4) the presence of cash or paraphernalia." *State v. Blagg*, 377 N.C. 482, 490-91 (2021) (citation omitted).

Here, the State presented evidence of: 1.18 ounces of marijuana, an amount consistent with distribution rather than personal use; packaging materials, including multiple clear bags and a box of sandwich bags; cash found on both occupants; and the pre-stop exchange at the Circle K.

Viewed collectively, these circumstances support a reasonable inference of intent to sell or deliver. *See State v. Morgan*, 329 N.C. 654, 659-60 (1991). The trial court therefore properly denied the motion to dismiss this charge.

## III. Conclusion

Because the State presented substantial evidence of each element of the offenses, the trial court did not err by denying Defendant's motion to dismiss.

NO ERROR.

Judges CARPENTER and FREEMAN concur.

Report per Rule 30(e).